STATE of Missouri, ex rel., BELLE STARR SALOON, INC., Relator,

v.

The Honorable Timothy J. PATTERSON Judge of the Circuit Court of Jefferson County, Division I, Respondent.

No. 47475.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 18, 1983.

Richard Alan Cooper, Whalen, Murphy, Reid, Danis, Garvin & Tobben, St. Louis, for relator.

Elizabeth D. Odell, Cook, Murphy & Kenney, St. Louis, for respondent.

KELLY, Judge.

Relator Belle Starr Saloon, Inc., requests a writ of mandamus to order respondent circuit judge, the Honorable Timothy J. Patterson, to quash a pre-judgment writ of attachment issued by the Jefferson County Circuit Court on June 15, 1983.

Respondent by order of July 1, 1983, declined to quash the writ of attachment. The writ was issued in response to a landlord's petition for attachment for $17,100.00 rent alleged to be due under a lease, *Mel-Lo Enterprises Inc. v. Belle Starr Saloon, Inc.,* No. CV–183–1825–CC–J1, in Jefferson County Circuit Court. The petition was accompanied by an affidavit in support of attachment and a bond in the amount of $34,200.00 executed solely by the surety.

In denying relator-defendant's motion to quash respondent found that the attachment was brought under § 441.240 RSMo 1978; that the sheriff in executing the writ did not deliver to the relator written notice of his right to file a bond under Rule 85.09 and Rule 85.10; and that the bond filed with the court was defective in that it was not signed by the principal. The court, however, ordered the attachment to remain in full force and effect and granted plaintiff-landlord ten days to sign said bond or the attachment would be dissolved. On the tenth day, the plaintiff-landlord executed the bond.

The office of the writ of mandamus will be exercised only in extraordinary emergencies. *Norval v. Whitesell,* 605 S.W.2d 789, 791 (Mo.1980). In order to warrant control by mandamus, there must be an existing, clear, unconditional, legal right in relator, and a corresponding present, imperative, unconditional duty upon respondent, and a default by respondent therein. *State ex rel. Kiely v. Schmidli,* 583 S.W.2d 236, 237 (Mo.App.1979).

The plaintiff in the suit for rents, Mel-Lo Enterprises Inc., had the burden of proof that the attachment was properly granted. Rule 85.14.

In denying the motion to quash respondent relied upon § 441.240 RSMo 1978, which provides in relevant part as follows:

> The person to whom the rent is owing, or his agent, may, before a magistrate or the clerk of a court of record having jurisdiction of actions by attachment in ordinary cases of the county in which the premises lie, make an affidavit of one or more of the foregoing grounds of attachment, and that he believes unless an attachment issue plaintiff will lose his rent; and upon the filing of such affidavit, together with a statement of plaintiff's cause of action, such officer shall issue an attachment for rent against the personal property, including the crops grown on the leased premises, but *no such attachment shall issue until the plaintiff has given bond, executed by himself or some responsible person for him, as principal,* in double the amount sued for, with good security, to the defendant to indemnify him if it appears that the attachment has been wrongfully obtained . . . (emphasis supplied)

Similar requirements appear in Rule 85.-08(a), effective January 1, 1981.

Plaintiff, Mel-Lo did not file a properly executed bond prior to the issuance of the writ of attachment, and the court, on motion to quash, allowed time to correct the error. This ignores the plain language of § 441.240 and Rule 85.08(a) mandating the furnishing of a bond prior to the issuing of the writ of attachment. An

improper seizure cannot be made valid retroactively by the principal's signature. Such a procedure may encourage unsigned bonds and subvert the protection the defendant is to be afforded by the statute. Pre-judgment attachments are not favored, principally because they are subject to a constitutional attack on due process grounds. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

We hold that the relator was entitled to a bond signed by plaintiff and the court was duty bound to quash the writ of attachment where the evidence before the court established that the writ was issued without complying with the statutory and rule requirements that the bond be executed by the plaintiff, or some responsible person for him, as principal. We hold that the court was without jurisdiction to issue the pre-judgment writ of attachment on the authority of § 441.240 unless and until the bond had been executed by the principal. The preliminary writ of mandamus is made absolute.

KAROHL, P.J., and REINHARD, J., concur.