Robert E. and Arlene FRIES
(Appellant-Respondent),

v.

FIRST COMMUNITY STATE BANK
(Respondent-Appellant),

and

Lisle E. Meers (Respondent).

No. WD 34239.

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

L. Glenn Zahnd, Steven D. Mahrt, Savannah, for Fries.

Richard A. Heider, Morton, Reed & Counts, St. Joseph, for respondent.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Appeals are prosecuted in this case from a judgment adjudicating competing lien claims by appellants Fries and cross-appellant First Community State Bank against the proceeds from a sale of crops grown by respondent Meers. The judgment is reversed and the case is remanded for further proceedings.

Meers was a tenant of the Fries under an oral lease agreement involving farms in Andrew, Gentry and Holt counties. The agreement was for payment of cash rent for the lands in Andrew and Holt counties and for crop shares in Gentry County. The trial court found and the parties do not dispute that unpaid cash rent totaled $14,-000.00 at the time the Fries commenced suit. The Gentry County farm is not involved because no significant crops in which the Fries had any interest were produced there.

Meers produced crops in Andrew and Holt counties. When the rent was unpaid, the Fries commenced this suit and brought a writ of attachment under § 441.300, RSMo 1978 [1] claiming a landlord's lien pursuant to § 441.280. Soybeans harvested by Meers from the Andrew County farm were purportedly seized under the writ. The crops grown in Holt County were sold by Meers before process issued and are not claimed by the Fries to have been subjected to enforcement of the lien.

The return to the summons and writ indicates service was made on Meers December 8, 1981. On March 4, 1982, the Fries and Meers filed a stipulation in the case to the effect that the soybeans previously attached had been sold by joint agreement for $18,000.00 to forestall depreciation in value and the proceeds were deposited "under court supervision."

Meers was also indebted to cross-appellant Community State Bank for a loan obtained to finance the 1981 farming operation. The debt was evidenced by a promissory note and collateralized by a security agreement which pledged the crops Meers was to produce from various farms. The financing statement executed by Meers referred only to farms in Andrew County and was recorded only in Andrew County. At the time of trial, Meers' debt to the bank was approximately $40,000.00.

On March 22, 1982, after the soybeans had been sold under the stipulation between the Fries and Meers, the bank moved and was granted leave to intervene in this case for the purpose of setting forth its claims against Meers. The bank asserted its claim to the soybeans under the security agreement from Meers and moved to dissolve the attachment procured by the Fries. In particular, the motion alleged that the sheriff had not seized possession of the beans, had not made a proper return to the writ and had permitted Meers and the Fries to sell the beans without a court order. The trial court sustained the motion by an order dated May 26, 1982 and ordered the proceeds from the sale of the soybeans released to Meers and the bank. No record of any evidentiary hearing on the motion to dissolve the attachment has been provided. The court's docket shows only oral argument presented on the motion.

For reasons not fully explained in the record, the order of May 26 dissolving the attachment was not sufficient to accomplish a release of the funds representing proceeds from the sale of the soybeans. The bank therefore moved the court on June 1, 1982 for an order effectuating the prior order dissolving the attachment with the objective of satisfying the bank in which the funds were held "under court supervision."

Inexplicably, the trial court denied the bank's motion for withdrawal of the disputed fund, but instead, ordered the money paid into the circuit clerk and redeposited with the Home Bank of Savannah in a savings account. Thus, the proceeds from the sale of the Meers soybean crop, together with accumulated interest, remain in the registry of the court. Meers at this point

---

1. All references are to RSMo 1978.

ceases to participate in the case and thereafter defaults. It therefore appears that the Fries and the bank will be limited in their actual recovery to the fund held under this deposit.

The petition by the Fries for their rent and the cross-claim by the bank on the Meers' note came on for trial July 1, 1982 and evidence was taken by the court. On September 3, 1982, the court entered the judgment from which this appeal is prosecuted. The entry grants the Fries judgment against Meers for rent in the amount of $14,000.00 and grants the bank judgment for $39,258.71 plus interest and attorney fees. The judgment also orders the fund in the registry of the court paid in the amount of $8,000.00 to the Fries and the balance to the Community Bank.

On this appeal, the Fries contend the trial court erred in not ordering distribution to them a sufficient sum from the proceeds from sale of the soybeans to satisfy their rent claim in full, that is, $8,000.00 rent on the Andrew County farm and $6,000.00 rent on the Holt County tract. The argument assumes perfection of the landlord's lien by attachment of the soybeans and poses the issue of whether the lease entitles the Fries to a lien on Andrew County crops for the rent due on the other farm. The appeal by the Community Bank asserts that it was error to award any part of the proceeds from sale of the crops to the Fries because all interests of the Fries as secured creditors were concluded when the trial court dissolved the attachment.

■ The issues presented on these appeals are insoluble without further proceedings in the trial court. Remand of the case is necessary because the final judgment entered in the case contains no disposition of the writ of attachment and the order awarding the Fries a portion of the proceeds from the sale of the attached goods is patently inconsistent with the previous determination that the attachment was fatally defective. In several respects, the trial court failed to follow the directives of the statutes applicable to attachment proceedings.

■ The landlord's lien under § 441.280 is inchoate in that it expires eight months after the rent becomes due unless the landlord takes affirmative action to enforce the lien. Among the remedies available for enforcement is a writ of attachment. Section 441.300. Where an attachment issues for collection of rent, the proceedings are the same as in suits by attachment. Section 441.250.

The statutes governing suits by attachment provide that a motion by the defendant to dissolve the attachment will lie, § 521.410, and such issue may likewise be made by an interpleading party claiming the goods attached. Section 521.520. When issue is joined by a motion to dissolve the attachment, the court *shall hear evidence.* Section 521.420.1. (Emphasis supplied). Section 521.420.2 provides, "upon the trial of the case upon the merits, there shall be incorporated in the judgment rendered in the cause, as a part of such judgment, a finding and judgment either that the attachment is dissolved and the sureties thereon released, or that the attachment is sustained, the finding to be in accordance with the action of the court theretofore taken on the motion to dissolve the attachment."

■ The necessity for an evidentiary hearing on the motion to dissolve an attachment is underscored by two consequences affecting the attachment creditor. Section 521.490 directs that upon dissolution of the attachment, all proceedings touching the property attached are vacated and the suit continues as if commenced by summons only. The order dissolving an attachment is not an appealable order because it is not a final judgment in the case and no statute authorizes a special appeal. *Scheele v. Long,* 244 S.W.2d 395 (Mo.App.1951). The party aggrieved by the order dissolving the attachment is therefore relegated on appeal to the record made at the motion hearing.

■ In this case, the trial judge ruled the motion by the bank to dissolve the attachment without presentation of any evidence. Despite this evidentiary void, the court

found, among other facts, that the "officer executing the Writ of Attachment" failed to seize the attached property, failed to exercise control over the property, failed to post notice of levy and failed to take reasonable steps to deny Meers access to the property. Whatever may have been the validity of the bank's contentions as to these and other facts claimed to render the attachment defective, the order of May 26, 1982 was improvidently made, first because entered without the evidentiary hearing mandated by the statute and, second, because based on findings of fact unsupported by any evidence.

The proceedings in the case subsequent to the order of May 26, 1982 dissolving the attachment are the focus of the points raised on appeal by the parties, but in fact, the single paramount question in the case is whether the Fries validly asserted their landlord's lien by attaching the soybeans. If they did not and if the attachment was subject to dissolution on the bank's motion presented at the outset of the case, then the fund is to be awarded to the bank under its security agreement. If, to the contrary, the landlord's lien was effectively asserted, then the subordinate question of the extent of the Fries' lien must be addressed. Unfortunately, the entries recorded by the trial judge do not rule the issue of the landlord's lien so as to permit any appellate review of the decision.

As noted above, the order of May 26, 1982 dissolving the attachment is procedurally and substantively deficient. Of equal difficulty, however, is a construction of the subsequent rulings whereby the trial judge first refused to release the funds after dissolving the attachment and then, in the final judgment, awarded the Fries $8,000.00 from the fund. This latter result could only follow if the attachment was valid. A further complexity is the absence from the judgment of any reference to the attachment, a mandatory component of the judgment by the directive of § 521.420.2. This latter omission prevents both a determination of how the trial court ruled the question and a review of the ruling on appeal by the party thereby aggrieved.

From the foregoing, we conclude that the case must be remanded for hearing on the motion to dissolve the attachment. At such hearing, the burden is upon the Fries to go forward with the evidence necessary to sustain the attachment. Based upon that proof and such evidence as the Community Bank may adduce, the trial court is directed to rule either that the attachment is sustained or dissolved. The court shall thereafter proceed to try the underlying causes on the merits and shall enter judgment accordingly including judgment in conformity with disposition of the motion to dissolve the attachment. This opinion is without prejudice to appeal by any party from the judgment so entered.

The contention by the Fries that their landlord's lien should extend to rents due on the Holt County property has not been addressed for want of a sufficient record and because the issue may not recur during proceedings on remand.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

All concur.

