George A. PEACH, Circuit Attorney of the City of St. Louis, Relator,

v.

The Honorable Michael B. CALVIN, Associate Circuit Judge, 22nd Judicial Circuit, Respondent.

No. 54098.

Missouri Court of Appeals, Eastern District, Division Five.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied July 26, 1988.

2. Respondents' motion to dismiss appellant's appeal is denied.

Dee Joyce–Hayes, St. Louis, for relator.

Beverly E. Temple, St. Louis, for respondent.

SMITH, Presiding Judge.

The Circuit Attorney sought our writ of mandamus seeking to compel respondent to sentence John G. Scantlin in accord with the provisions of Sec. 302.321 RSMo 1986. We issued our preliminary order.

Scantlin was charged with the Class A misdemeanor of Driving While License Suspended in violation of Sec. 302.321. He entered a plea of guilty. Respondent suspended the imposition of sentence and placed Scantlin on bench probation for one year, with conditions to perform 40 hours of community service and obtain insurance.

Sec. 302.321 provides in pertinent part:

"No court shall suspend the imposition of sentence as to such a person nor sentence such person to pay a fine in lieu of a term of imprisonment, nor shall such person be eligible for parole or probation until he has served a minimum of forty-eight consecutive hours of imprisonment, unless as a condition of such parole or probation, such person performs at least ten days involving at least forty hours of community service ... ."

Respondent first challenges the propriety of mandamus on the basis that he was exercising his discretionary authority in sentencing Scantlin, and mandamus does not lie to correct a discretionary ruling. That general principle is true but misses the mark. The issue before us is whether respondent has discretionary authority to suspend the imposition of sentence on Scantlin. If the statute imposes upon the respondent a clear and unequivocal duty not to suspend the imposition of sentence as a matter of law mandamus is the proper means to preclude violation of that duty. *State ex rel. Belle Starr Saloon, Inc. v. Patterson*, 659 S.W.2d 789 (Mo.App.1983) [1,2]. In addition the state has no adequate remedy through appeal to test the propriety of respondent's ruling. There is therefore a purely legal question which can be decided through mandamus. *State ex rel. McNary v. Stussie*, 518 S.W.2d 630 (Mo. banc 1974) [1].

The language of the statute is clear and unambiguous. It specifically provides that the court may not suspend the imposition of sentence in this type of case. Respondent contends that the exception of forty hours of community service applies to suspended imposition of sentence and that he has therefore complied with the statute. The exception referred to is specifically made applicable to "such parole or probation." It does not expressly or by implication refer back to the first two prohibitions placed upon the trial court i.e. no suspension of sentence and no fine in lieu of imprisonment. The statute requires that the defendant be sentenced, that that sentence include imprisonment, and that he not receive parole or probation on that impris-

onment until he has served at least forty-eight hours of imprisonment or is granted parole or probation conditioned on forty hours of community service.

The preliminary order of mandamus is made permanent.

SATZ, C.J., and SIMEONE, Senior Judge, concur.