**Garry K. SELTZER, Plaintiff,**

v.

**Kenneth BAUMRUK, Defendant,**

including

**Lisa Bakker, etc., et al., Intervenors/Counterclaimants.**

**No. 4:92CV 1983 SNL.**

United States District Court,
E.D. Missouri, E.D.

July 8, 1993.

Peter H. Love, Jerome F. Raskas, Sr., Partner, Raskas and Ruthmeyer, St. Louis, MO, for Garry K. Seltzer.

Kenneth Baumruk, pro se.

Douglas A. Copeland, Partner, Richard A. Gartner, Partner, Copeland and Gartner, St. Louis, MO, for Lisa Bakker, Shelley Whelan, Harry Fozzard and Ollie Mae Fozzard.

## MEMORANDUM

LIMBAUGH, District Judge.

This matter is before the Court upon various motions by the parties. On September 29, 1992, plaintiff filed a complaint against defendant Kenneth Baumruk, alleging defendant's negligence in a shooting incident at the St. Louis County Courthouse in which defendant Baumruk killed his wife, Mary Louis Baumruk, and allegedly shot plaintiff. On September 30, 1992, plaintiff moved for a writ of attachment upon the property of Kenneth Baumruk, which was granted by this Court. Attached to the writ of attachment was bond in the amount of $125,000.00. On October 16, 1992, a Bond Rider was filed, but was not signed by plaintiff.

On October 21, 1992, this Court granted Motions to Intervene filed by Lisa Bakker, Personal Representative of the Estate of Mary Louise Baumruk (hereinafter the "Personal Representative") and by Lisa Bakker, Shelley Whelan, Harry Fozzard and Ollie Mae Fozzard (hereinafter the "heirs"). On October 19 and October 21, the Personal Representative and the heirs, respectively, filed Motions for an Order to Dissolve the Writ of Attachment issued by the Court. Also on October 21, the Personal Representative and the heirs both filed Counterclaims against plaintiff. The Intervenor Complaints and the Amendments by Interlineation all alleged that plaintiff's attachment was void, unlawful and of no effect and that the intervenors have a superior right to any property which plaintiff sought to attach in this action.

In addition to filing an Answer and Affirmative Defenses to the Intervenor claims, plaintiff filed a Counterclaim against both the Personal Representative and the heirs. Plaintiff, in his prayer for relief, asked the Court to find that plaintiff had a superior right and interest as against the intervenors

to all property which was the subject of plaintiff's attachment.

Various motions have been filed by the parties which the Court must address. As stated, both the heirs and the Personal Representative have filed Motions to Dissolve Attachment. On May 11, 1993, this Court entered a Show Cause Order to plaintiff with regards to these motions. Plaintiff, in response, filed a Motion to Strike or Deny the Motions to Dissolve Attachment or, in the Alternative, to Quash the Court's Show Cause Order. There are also numerous motions for summary judgment pending. On March 15, 1993, the Personal Representative filed a Motion for Summary Judgment. On May 26, 1993, the intervenors, including the Personal Representative, jointly filed a Motion for Summary Judgment. On May 28, 1993, plaintiff filed a Motion for Summary Judgment with respect to his counterclaims and the amended counterclaims of the Personal Representative and the heirs. It appears to the Court that all of the motions involve essentially the same issues.

### I. *Motions to Dissolve Attachment, Motion to Strike Motions to Dissolve, & Motion to Quash Order to Show Cause*

■ Prior to addressing the intervenors' Motions to Dissolve Attachment, it is necessary for the Court to address plaintiff's Motion to Strike the Motions to Dissolve Attachment and Motion to Quash Order to Show Cause. Plaintiff moves to strike said motions, arguing that the intervenors have failed to comply with Local Rule 7(B). Local Rule 7(B) provides in pertinent part that:

> [t]he moving party shall serve and file with its motion a brief written statement of the reasons in support of the motion, and a list of citations of any authorities on which the party relies.

Local Rule 7(B). Both Motions to Dissolve Attachment filed by the intervenors were approximately six pages in length. In the motions, the intervenors stated the reasons in support of the motion and cited to Missouri statutes and Missouri Rules of Court. This is sufficient to comply with Local Rule 7(B). Although the intervenors did not file separate memorandums in support of the motions, the intervenors did provide a brief written statement of the reasons in support of the motions and a list of citations of the authorities upon which the intervenors relied. Thus, it is the opinion of this Court that plaintiff's Motion to Strike should be denied because the intervenors sufficiently complied with Local Rule 7(B).

■ Next, plaintiff moves the Court to quash the Order to Show Cause, arguing that the Court's Order effectively reverses the burden of proof on the intervenors' motions. The Court disagrees. The Court has not shifted the burden of proof to plaintiff to disprove the allegations contained within the Motions to Dissolve Attachment. Rather, the reason for the Court's Order to Show Cause was to give plaintiff an opportunity to address the arguments raised in the motions prior to the Court's ruling upon said motions. The issuance of the Order did not shift any burdens of proof, but rather gave both parties the opportunity to present their arguments. Thus, it is the opinion of this Court that plaintiff's Motion to Quash the Order to Show Cause should be denied.

Both the Personal Representative and the heirs have filed Motions to Dissolve the Attachment. The intervenors raise a variety of arguments in support of their motions. All intervenors argue that plaintiff's attachment is void, unlawful and defective and should be dissolved and vacated because: (1) the bond filed by plaintiff on September 30, 1992 contravenes Mo.S.Ct. Rule 85.08(a) and Mo.Rev. Stat. § 521.070 in that it does not bind plaintiff to the State of Missouri; (2) the bond filed by plaintiff on September 30, 1992 contravenes Mo.S.Ct. Rule 85.08(b) and Mo.Rev. Stat. § 521.070 in that it omits protection for all others including owner(s) of any of the property, etc.; (3) the Bond Rider filed by plaintiff on October 16, 1992 does not retroactively cure the defects in the original bond and the Court was without jurisdiction to issue the original writ of attachment; (4) the Bond Rider contravenes Mo.S.Ct. Rule 85.08(a) and Mo.Rev.Stat. § 521.070 in that plaintiff has not signed the Rider as principal; (5) any cure in the original bond by the Rider would be effective from the date of approval and, therefore, the intervenors'

State Court final judgment and executions thereon are superior to plaintiff's attachment claims; (6) that plaintiff has failed to prove that defendant Baumruk was not a resident of the State of Missouri within the meaning of Mo.Rev.Stat. § 521.010, which was plaintiff's sole asserted ground for attachment; and (7) Mo.S.Ct. Rule 85 and Mo.Rev.Stat. Chapter 521 violate the Due Process Clause of the Fourteenth Amendment in that the rules and statutes authorize the substantial impairment of property rights without providing for any notice or hearing. The Personal Representative also argues that plaintiff did not comply with Mo.S.Ct. Rule 85.07 which requires that the writ and written notice be served upon the owner of the property or any non-owner in possession at the time of levy in that the Personal Representative was the owner of at least part of the property which is the subject of plaintiff's attachment.

All of the issues present in the Motions to Dissolve the Attachment and plaintiff's response to the Court's Order to Show Cause are also addressed at least once in the Motions for Summary Judgment filed by the intervenors jointly, by the Personal Representative and by plaintiff. The Court will address the arguments raised in these motions and the responses thereto together in one analysis rather than responding to each specific motion, since the arguments and the motions overlap.

## II. Motions to Dissolve Attachment & Motions for Summary Judgment

### A. Standard for Summary Judgment

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976).

### B. Analysis

#### 1. Intervenors' Standing to Challenge Plaintiff's Bond

Plaintiff moves for summary judgment with respect to the intervenors' claims and moves to strike intervenors' Motions to Dissolve Attachment arguing, among other things, that the intervenors lack standing to challenge the sufficiency of plaintiff's bond. Intervenors oppose said motion.

Missouri Rule 85.14 provides that "attachments may be dissolved on motion made by the owner of the property at any time before final judgment." Mo.S.Ct.R. 85.14. Mis-

souri Rule 85.19 provides that "when the same property is attached by different claimants, the claimants may challenge any other attachment or make any defense to the underlying claim which the owner of the property could make." Mo.St.Ct.R. 85.19. Missouri Rule 85.01 defines "owner" as "the party against whose property the attachment is sought" and defines "claimant" as "the party seeking attachment." Mo.S.Ct.R. 85.-01.

Plaintiff argues that based upon these rules, the intervenors, as judgment creditors, lack standing because they are neither owners of defendant's property nor competing attachers. The Court disagrees. In *Fries v. First Community State Bank*, 661 S.W.2d 664 (Mo.Ct.App.1983), a bank was permitted to intervene in a pending attachment and move to dissolve the plaintiff's attachment on property which the bank had an interest in as collateral based upon a promissory note and a security agreement. *Id.* at 665–67. In that case, the bank was not an owner of the property and was not a competing attacher, but it was still allowed to intervene and move to dissolve the attachment. Although the bank was not a judgment creditor, *Fries* indicates that other parties than those argued by defendant have standing to move to dissolve a writ of attachment. Thus, it is the opinion of this Court that the intervenors have standing to challenge the sufficiency of the attachment bond and to move to dissolve the attachment.

■ Assuming, *arguendo*, that the Missouri Rules require that in order to have standing to challenge the sufficiency of a writ of attachment and to move to dissolve said attachment, that the intervenor must be an owner of the property or a competing attacher, then the Court would still reach the same result. During the state proceedings, the intervenors had a Missouri State Court attachment directed to defendant Baumruk. Plaintiff moved to intervene in the state court proceeding and obtained an order dissolving the intervenors' attachment. Although this occurred prior to the intervenors' intervention in the present cause, the parties in the present cause have been competing attachers at some point in time before and after the writ of attachment was entered. Furthermore, plaintiff consented to the intervenors' intervention in this cause, even though plaintiff knew that the intervenors planned to move to dissolve the attachment. By doing so, plaintiff thereby waived any challenge to standing.

#### 2. Validity of the Bond and Attachment

The intervenors move to dissolve plaintiff's attachment and move for summary judgment with respect to the intervenors' claims, arguing that plaintiff's attachment bond is defective under Missouri law and that the Bond Rider did not cure the defects. Plaintiff argues that even if there were defects in the original attachment bond, the Bond Rider cured the defects and may be applied retroactively.

Missouri Rule 85.04 provides that a writ of attachment shall be issued "upon compliance with Rule 85.08." Mo.S.Ct.R. 85.04. Missouri Rule 85.08 states that an attachment bond shall contain the following conditions:

(b) **Conditions of Bond.** The conditions of the bond shall be that the claimant shall:

(1) Prosecute his claim without delay and with effect;

(2) Refund all sums of money that may be adjudged to be refunded to the owner of the property or found to have been received by the claimant and not justly due to him;

(3) Pay all damages and costs that may accrue to the owner of the property, any garnishee or interpleader by reason of the attachment, or any process or proceeding in the action, or by reason of any judgment or process thereon; and

(4) Pay all damages and costs that may accrue to any sheriff or other officer by reason of acting under the writ of attachment, following the instructions of the claimant.

Mo.S.Ct.R. 85.08(b). Furthermore, Missouri Rule 85.08(a) states that the claimant must file a bond which sets forth that the claimant and one or more sureties are bound to the State of Missouri. Mo.S.Ct.R. 85.08(a).

It is undisputed by the parties that the original bond filed by plaintiff did not comply with Missouri Rule 85.08(a), (b). It is disputed by the parties whether the subsequent Bond Rider, filed on October 16, 1992, is sufficient to comply with Missouri Rule 85.08(a). It is also disputed by the parties as to whether the Bond Rider retroactively cures any defects in the original attachment bond.

The intervenors argue that the Bond Rider filed by plaintiff was defective under Missouri law because it was not signed by plaintiff as a principal, as required by Missouri Rule 85.08(a). Plaintiff argues that although the Bond Rider was not signed by plaintiff as principal, the original bond was signed by plaintiff and the Bond Rider was filed by plaintiff, thereby making it sufficient for purposes of Mo.S.Ct.R. 85.08(a). The intervenors further argue that if the Bond Rider cured the defects in the original attachment bond, the Bond Rider should not be applied retroactively to cure the previous defects. Plaintiff argues that if the original attachment bond and the Bond Rider are both defective, then the Court should grant plaintiff additional time to cure any defects pursuant to Mo.S.Ct.R. 85.11 and 85.14.

Prior to addressing whether the Bond Rider is defective under Missouri law, the Court must determine whether any remedy to a defective bond is applied retroactively to the original bond. The intervenors cite to *State ex rel. Belle Starr Saloon v. Patterson*, 659 S.W.2d 789 (Mo.Ct.App.1983) in support of their position that a defect cannot be retroactively cured. Plaintiff cites to *Union State Bank of Clinton v. Dolan*, 718 S.W.2d 522 (Mo.Ct.App.1986) in support of his argument that a defective bond may be cured retroactively.

In *Belle Starr*, the plaintiff filed a bond prior to the issuance of a writ of attachment, but the bond had not been signed by plaintiff as the principal, as required by Missouri Rule 85.08(a). *Belle Starr*, 659 S.W.2d at 790. The trial court allowed the plaintiff time to sign the bond and cure the defect. *Id.* The Court of Appeals for the Eastern District, however, held that the trial court erred in failing to quash the writ of attachment. *Id.* at 791. The Court stated that

allowing time to correct the error ignored the plain language of "Rule 85.08(a) mandating the furnishing of a bond prior to the issuing of the writ of attachment." *Id.* at 790. The Court went on to state:

An improper seizure cannot be made valid retroactively by the principal's signature. Such a procedure may encourage unsigned bonds and subvert the protection the defendant is to be afforded by the statute. Pre-judgment attachments are not favored, principally because they are subject to a constitutional attack on due process grounds.

*Id.* at 790–91 (citation omitted).

In *Dolan*, an attachment bond was filed prior to the issuance of a writ of attachment, but the bond was signed without a surety. *Dolan*, 718 S.W.2d at 526. The Missouri Court of Appeals for the Western District held that the trial court did not err in granting the plaintiff an additional ten days within which to file a new attachment bond to cure any defects. *Id.* at 527. The appellant argued that the new bond curing an insufficient bond could only be filed prior to seizure. *Id.* The Court of Appeals held that "[t]he [trial] court was within its authority to order the filing of a new bond...." *Id.* The Court of Appeals went on to state that "[t]he matter of filing of a new bond is not jurisdictional in the sense that it must be filed prior to seizure. The defect in the bond may be cured under Rule 85.11." *Id.* Missouri Rule 85.11 provides that if the court finds that any bond is insufficient, it may order a new bond to be furnished. *Id.*

It would appear that the cases cited by the parties are in direct contradiction with regards to whether a defect in an attachment bond may be cured retroactively. It is the opinion of this Court that *Belle Starr* is the better-reasoned approach. In *Dolan*, the Court of Appeals did not discuss or cite any appellate decisions in reaching its conclusion, even though *Belle Starr* had been decided prior to *Dolan*. Furthermore, *Belle Starr* was cited to approvingly in both *State ex rel. Froidl v. Tillman*, 662 S.W.2d 907, 909 (Mo.Ct.App.1983) and *Salenia A.B. v. Air Nat. Aircraft Sales*, 712 S.W.2d 386, 389 (Mo.Ct.App.1986). In both of these cases, the plain-

tiff did not file a bond at the time the writ was issued. *Froidl*, 662 S.W.2d at 908; *Salenia*, 712 S.W.2d at 389. In both, the Court of Appeals held that the lack of bond was jurisdictional and, therefore, the trial court was without jurisdiction to issue a pre-judgment attachment unless and until a bond was furnished. *Froidl*, 662 S.W.2d at 909–10; *Salenia*, 712 S.W.2d at 391. Thus, it is the opinion of this Court that any defects in the original bond which plaintiff filed prior to the issuance of a writ of attachment may not be cured retroactively.

Next, the Court must determine whether the Bond Rider filed by plaintiff was defective. Missouri Rule 85.08(a) provides that the attachment bond must be signed by plaintiff as principal. Plaintiff signed the original attachment bond. The Bond Rider filed by plaintiff is an amendment to the original attachment bond. Thus, it is the opinion of the Court that although plaintiff did not sign the Bond Rider as principal, plaintiff's signature on the original attachment bond is sufficient to comply with the provisions of Missouri Rule 85.08(a). The filing of the Bond Rider by plaintiff, amending the original attachment bond, was sufficient to bring the attachment bond into compliance with the Missouri Rules.

As discussed above, however, the Bond Rider does not retroactively cure the deficiencies in the original attachment bond because this Court was without jurisdiction to issue a pre-judgment attachment prior to the filing of a bond in compliance with Missouri law. Thus, it is the opinion of this Court that the intervenors' Motions to Dissolve Attachment and Motions for Summary Judgment should be granted. The Order of Attachment, issued on September 30, 1992, should be dissolved in so far as it was deficient until the Bond Rider was filed on October 16, 1992. The Order of Attachment is hereby deemed to be entered as of October 16, 1992.

### 3. The Remaining Intervenor Arguments

Given that the intervenors' Motions to Dissolve Attachment and Motions for Summary Judgment should be granted based upon the validity of the attachment bond filed by plaintiff, the Court declines to address the remaining arguments advanced by the intervenors.