STATE of Missouri, ex rel. Gregory
UPCHURCH, Appellant,

v.

Roy D. BLUNT, in his capacity as Secre-
tary of State of the State of Missouri,
and William L. Webster, in his capacity
as Attorney General of the State of
Missouri, Respondents.

No. 73376.

Supreme Court of Missouri,
En Banc.

June 5, 1991.

Gregory Upchurch, pro se.

William L. Webster, Atty. Gen., James B.
Deutsch, Deputy Atty. Gen., Simon B.
Buckner, Asst. Atty. Gen., Jefferson City,
for respondents.

COVINGTON, Judge.

Relator Gregory Upchurch appeals the
dismissal by the Circuit Court of Cole
County of his petition for a writ of manda-
mus against the Secretary of State of Mis-
souri and for a judgment of declaration
that § 116.332.1, RSMo 1986,[1] is unconsti-
tutional. Reversed.

Relator sought to circulate for signa-
tures an initiative petition to place a pro-
posed amendment to the Missouri Constitu-
tion on the ballot for the November 4, 1992,
general election. On November 13, 1990,
relator submitted a sample petition to Sec-
retary of State Roy D. Blunt. Section 116.-
332.1 requires that, before a constitutional
amendment petition may be circulated for
signatures, a sample sheet be submitted to
the secretary of state in the form in which
the petition will be circulated, for approval
by the secretary of state.

On the day of receipt of the sample peti-
tion, the secretary of state notified relator
that the secretary could not accept the
sample petition because "[f]or the Novem-

---

1. All statutory references are to RSMo 1986,     unless otherwise indicated.

ber, 1992 general election the earliest a sample petition may be submitted for approval is July 3, 1991." The secretary of state relied upon a subsequent requirement of § 116.332.1 that provides: "The sample petition may not be submitted to the secretary of state more than one year prior to the final date for filing the signed petition with the secretary of state."

Relator instituted this proceeding in the circuit court on November 29, 1990. The gravamen of his claim is that the one year limitation of § 116.332.1 is inconsistent with the reservation of the initiative power to the people in Article III, § 49, of the Missouri Constitution.

Respondents moved to dismiss claiming inappropriateness of mandamus to litigate the action, absence of a justiciable controversy, and constitutionality of the subject statutory provision. The trial court dismissed relator's petition. The basis for the dismissal is not evident from the record.[2] This Court reviews the matter as an appeal from the dismissal of relator's petition for declaratory judgment. The case involves the validity of the one year limitation contained in § 116.332.1. This Court has jurisdiction. Mo. Const. art. V, § 3.

■ Rules employed in construction of constitutional provisions are the same as those employed in construction of statutes. Crucial words must be viewed in context, and courts must assume that words were used purposefully. The selection of words as arranged by the drafters is indicative of the significance of the words employed. *Boone County Court v. State*, 631 S.W.2d 321, 324 (Mo. banc 1982). This Court is required to give due regard to the primary objectives of the constitutional provision under scrutiny, as viewed in harmony with all related provisions. *State ex inf. of Martin v. City of Independence*, 518 S.W.2d 63, 66 (Mo.1974). If a statute conflicts with a constitutional provision or provisions, this Court must hold that the stat-

ute is invalid. *Rekart v. Kirkpatrick*, 639 S.W.2d 606, 608 (Mo. banc 1982).

■ The analysis begins with the people's reservation to themselves of the "power to propose and enact or reject laws and amendments to the constitution by initiative, independent of the general assembly ... except as hereinafter provided." Mo. Const. art. III, § 49. Although the constitution first reserves to the people the initiative power, the constitution by subsequent provisions involves the general assembly in the procedure of submitting initiatives. In submitting initiatives to the people, "the secretary of state and all other officers shall be governed by general laws." Mo. Const. art. III, § 53. All amendments proposed by the initiative "shall be submitted to the electors for their approval or rejection by official ballot title as may be provided by law...." Mo. Const. art. XII, § 2(b). These provisions require the application of general law, as enacted by the general assembly, to the process of submitting initiatives to the people. Presumably under authority of these constitutional provisions, the general assembly enacted laws contained in Chapter 116 relating to initiative and referendum, including § 116.332.1, at issue here.

Seeking to sustain the constitutionality of the subject statute, respondents assert that, absent constitutional direction as to the length of time during which proponents of a petition may circulate for signatures, either there is no limitation on the circulation period or the limitation must be supplied from another ,source. Respondents argue that, since no constitutional direction exists, the general assembly through § 116.332.1 properly supplies a limitation on the circulation period. Respondents appropriately note that a legislative body's power to enact reasonable implementations of a constitutional directive is generally recognized. Respondents also correctly contend that the Missouri General Assembly generally possesses plenary power to enact legislation, and that the legislature

---

**2.** Respondents contend that the trial court did not decide this case on the merits and declare that they reserve the right to assert additional defenses at a later time. Respondents' position on the merits is ably and comprehensively presented, and this Court is sufficiently prepared to construe the relevant constitutional provisions and the statute at issue.

frequently enacts time limitations to implement constitutional language. Respondents contend that the Missouri scheme is consistent with that of other states and that the history of the adoption of the initiative procedures reflects that the general assembly was expected to enact implementing legislation.

As respondents forthrightly acknowledge, each of their arguments rests upon their stated premise that the constitution is silent on the question of the period of time in which petitions can be circulated for signatures. That premise is faulty. The constitution does provide a limited period.

Constitutional provisions relating to the period of time during which petitions may be circulated for signatures are clearly framed by reference to general elections and the periods between them. The final date for obtaining signatures is established by Mo. Const. art. III, § 50: Initiative petitions proposing amendments to the constitution must be "filed with the secretary of state *not less than four months before the election....*" (Emphasis added). Article XII, § 2(b), fixes the date before which signatures may not be obtained: "All amendments proposed by the general assembly or by the initiative shall be submitted to the electors for their approval or rejection by official ballot title as may be provided by law, on a separate ballot without party designation, *at the next general election*, or at a special election called by the governor prior thereto, at which he may submit any of the amendments." (Emphasis added). Under this provision, unless a special election is called by the governor, an amendment is submitted at the next general election, and the time in which to submit the sample petition is effectively limited only by the period between general elections. Concomitantly, it is clear that the constitution permits submission of sample initiative petitions to the secretary of state from any time after one general election until four months prior to the next general election. Although the authority is not semantically explicit, the constitutional provisions are nonetheless plain in meaning.

Respondents' arguments, therefore, necessarily fail because the constitution does provide a period in which the petitions can be circulated. Any limitation of the period authorized is in conflict and invalid. That part of § 116.332.1 that limits submission to the secretary of state of a sample petition to one year prior to the final date for filing the signed petition with the secretary, and thereby shortens the time authorized by the constitution during which the constitutional amendment petition may be circulated for signatures, is invalid.

The judgment is reversed.

BLACKMAR, C.J., and ROBERTSON, RENDLEN, HIGGINS, HOLSTEIN, JJ., and TURNAGE, Special Judge, concur.