The Honorable Joan Bray Representative, District 84 State Capitol Building, Room 412A Jefferson City, MO 65101
Dear Representative Bray:
This opinion letter is in response to your question asking:
 Can municipalities extend benefit and/or cost of living increases to retirees, and survivors of such retirees, who have terminated prior to the adoption of such increases?
Article III, Section 39 of the Missouri Constitution provides in part:
 Section 39. Limitation of power of general assembly. The general assembly shall not have power:
* * *
 (3) To grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into and performed in whole or in part;
* * *
Article VI, Section 25 of the Missouri Constitution provides in part:
 Section 25. Limitation on use of credit and grant of public funds by local governments — pensions and retirement plans for employees of certain cities and counties.
No county, city or other political corporation or subdivision of the state shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation except . . . and except that the general assembly may authorize any county, city or other political corporation or subdivision to provide for the retirement or pensioning of its officers and employees and the surviving spouses and children of deceased officers and employees and may also authorize payments from any public funds into a fund or funds for paying benefits upon retirement, disability or death to persons employed and paid out of any public fund for educational services and to their beneficiaries or estates; and except, also, that any county of the first class is authorized to provide for the creation and establishment of death benefits, pension and retirement plans for all its salaried employees, and the surviving spouses and minor children of such deceased employees; and except also, any county, city or political corporation or subdivision may provide for the payment of periodic cost of living increases in pension and retirement benefits paid under this section to its retired officers and employees and spouses of deceased officers and employees, provided such pension and retirement systems will remain actuarially sound. [Emphasis added.]
The provision in Article VI, Section 25, highlighted above by underlining was added by amendment adopted at the general election on November 6, 1984.
The question you pose involves interpreting the 1984 amendment to Article VI, Section 25. In interpreting an amendment to the Constitution, it is proper to look to the previous state of the law and the conditions sought to be remedied by the amendment. Lovins v. City of St. Louis, 84 S.W.2d 127, 128 (Mo banc 1935).
In interpreting the law prior to the 1984 amendment to Article VI, Section 25, the Missouri Supreme Court held that a statute providing cost-of-living adjustments to retired police officers was unconstitutional as applied to persons already retired on the effective date of the statute. The court stated:
 We hold that § 86.441, [the statute providing cost-of-living adjustments to retired police officers] insofar as it applies to persons already retired on August 13, 1972, [the effective date of the statute] is unconstitutional and payments thereunder to persons already retired on that date are prohibited. In so holding, we need not and do not resolve the question of whether pensions are gratuities or deferred compensation. The parties have not undertaken to brief thoroughly the question of how pensions should be characterized and it is better to leave that issue until such time as it becomes a litigated issue. For purposes of deciding this case, it makes no difference which way they are characterized. If they are gratuities, the proposed adjustments violate Art. VI, § 25. If they are deferred compensation, they violate Art. III, § 39(3). Thus, in either event, the post-retirement payments attempted in this instance are not permissible.
Police Retirement System v. Kansas City, 529 S.W.2d 388, 393 (Mo. 1975). See also, State ex rel. Cleaveland v. Bond, 518 S.W.2d 649
(Mo. 1975), holding that statutes giving retroactive retirement benefits to judges who had ceased holding office prior to the effective date of the statutes are unconstitutional as an attempt to grant public money to private persons or to grant extra compensation after services had been rendered.
However, in Police Retirement System v. Kansas City, supra, the defendants did not attack the cost-of-living adjustments in pensions for members retiring after the effective date of the law. Id. at 390. The court in that case, citing a prior case, stated that when officers retired from the police department, their pensions were determined and fixed in accordance with the formula existing when they retired. Id. at 391. There apparently was no dispute that the pension plan could provide cost-of-living adjustments in pensions for members retiring after the effective date of the law. See also, Missouri Attorney General Opinion Letter No. 84, Lynn, 1981, holding there was no constitutional objection to a city providing cost-of-living increases in the future retirement benefits for policemen and firemen who were employed by the city at the time the ordinance authorizing such cost-of-living increases became effective.
The intent of the 1984 amendment must have been to change the existing law. Prior to the amendment, cost-of-living increases in future pensions were permitted for officers and employees retiring after the effective date of the statute or ordinance providing for such cost-of-living increases. However, cost-of-living increases were prohibited for officers and employees already retired when the statute or ordinance providing such cost-of-living increases became effective. For the 1984 amendment to change the existing law, its intent must have been to allow cost-of-living increases for officers and employees already retired when the statute or ordinance providing such cost-of-living increases became effective.
This conclusion is further supported by the use of the word "retired" in the provision added in 1984. In construing constitutional provisions, courts must assume that words were used purposefully. State ex rel. Upchurch v. Blunt, 810 S.W.2d 515,516 (Mo. banc 1991). In Police Retirement System v. KansasCity, supra, the plaintiff argued the then-existing Article VI, Section 25 provision authorizing the General Assembly to permit cities to provide for retirement or pensioning of its officers and employees allowed the proposed post-retirement cost-of-living increases in pensions to previously retired policemen. In rejecting such argument, the Court emphasized such provision spoke in terms of officers and employees, not retired officers and employees.
 Art. VI, § 25, of the present Constitution, [constitution prior to the 1984 amendment] contains essentially the same language as appeared in Art. IV, § 47, Mo. Const. 1875, except that a clause expressly authorizing the General Assembly to permit cities to provide for retirement or pensioning of its officers and employees has been added. Plaintiffs argue that the proposed post-retirement cost-of-living increases in pensions to previously retired policemen fall within that clause in Art. VI, § 25 authorizing city pensions. We disagree. The exception in Art. VI, § 25 speaks in terms of officers and employees, not retired
officers and employees. When the officers in question retired from the police department, their pensions were determined and fixed in accordance with the then established applicable formulas. Atchison v. Retirement Board of Police Retirement System of Kansas City, 343 S.W.2d 25, 34 (MO. 1960). Assuming that such pensions constituted gratuities, additions thereto after their retirement, in the absence of a provision in Art. VI, § 25 or elsewhere in the Constitution which would authorize the establishment of pensions or of increases therein for employees already retired, Art. VI, § 25 is applicable and the granting of the proposed cost-of-living adjustments to such persons is prohibited by it.
Id. at 391. The provision added subsequent to this case by the 1984 amendment specifically permits periodic cost-of-living increases in pension and retirements benefits to retired officers and employees and spouses of deceased officers and employees.
For the reasons discussed above, we conclude that as a result of the 1984 amendment to Article VI, Section 25, there is no constitutional prohibition on cost-of-living increases in pension and retirement benefits for officers and employees already retired at the time such increases are enacted and for spouses of deceased officers and employees.
However, it is important to note that the only such increases permitted are "periodic cost of living" increases. Every word in a constitutional provision is presumed to have effect and meaning. Buechner v. Bond, 650 S.W.2d 611, 613 (Mo. banc 1983). The courts ascribe to words the meaning the people understood the words to have when they adopted the provision. Zahner v. City ofPerryville, 813 S.W.2d 855, 858 (Mo. banc 1991). The meaning conveyed to the voters is presumed to be the ordinary and usual meaning, which is derived from the dictionary. Id. "Cost-of-living" is defined as "the cost of purchasing those goods and services which are included in an accepted standard level of consumption." Webster's Third New International Dictionary, p. 515.
By restricting the increases permitted by the 1984 amendment to "periodic cost of living increases," the only increases permitted pursuant to such provision are increases that reflect the increase in the cost of purchasing those goods and services which are included in an accepted standard level of consumption. The provision added in 1984 does not permit pension and retirement benefits to be paid to retired officers and employees when no such benefits were authorized at the time of retirement. Furthermore, the provision does not permit pension and retirement benefits to be increased beyond the increase in the cost-of-living.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General