The Honorable William P. McKenna State Senator, District 22 State Capitol Building Jefferson City, Missouri 65101
and
The Honorable Steve Ehlmann State Senator, District 23 State Capitol Building Jefferson City, Missouri 65101
Dear Senator McKenna and Senator Ehlmann:
Each of you has requested an opinion of this office in response to the following question:
 If the General Assembly appropriates less money for the compensation of elected officials than the compensation recommended in the Compensation Schedule prepared by the "Missouri Citizen's Commission on Compensation for Elected Officials", are those officials to be paid the amount shown in the Compensation Schedule or the amount appropriated by the General Assembly?
Article XIII, Section 3 of the Missouri Constitution creates a commission to be known as the "Missouri Citizen's Commission on Compensation for Elected Officials" (hereinafter referred to as the "Commission"). Subject to the provisions set forth in that constitutional section the Commission prepares a schedule showing the compensation for elected state officials, members of the general assembly and judges except for municipal judges. The Commission issued a report dated November 30, 1996. The Compensation Schedule attached to that report as Appendix A is attached to this opinion. The issue for consideration is if the General Assembly adopts the compensation schedule, but appropriates less money for the compensation of those officials than the amount shown in the Compensation Schedule, are those officials to be paid the amount shown in the Compensation Schedule or are they to be paid the lesser amount appropriated.
Relevant to your inquiry are the following, provisions in article XIII, Section 3 of the Missouri Constitution:
 Section 3. Compensation of state elected officials, general assembly members and judges to be set by Missouri Citizens Commission on Compensation — members qualifications, terms, removal, vacancies, duties — procedure.
1. Other provisions of this constitution to the contrary notwithstanding, in order to ensure that the power to control the rate of compensation of elected officials of this state is retained and exercised by the tax paying citizens of the state, after the effective date of this section no elected state official, member of the general assembly, or judge, except municipal judges, shall receive compensation for the performance of their duties other than in the amount established for each office by the Missouri citizen's commission on compensation for elected officials established pursuant to the provisions of this section. The term "compensation" includes the salary rate established by law, mileage allowances, per diem expense allowances.
 2. There is created a commission to be known as the "Missouri Citizen's Commission on Compensation for Elected Officials". . . .
* * *
 8. The commission shall, beginning in 1996, and every two years thereafter, review and study the relationship of compensation to the duties of all elected state officials, all members of the general assembly, and all judges, except municipal judges, and shall fix the compensation for each respective position. The commission shall file its initial schedule of compensation with the secretary of state and the revisor of statutes no later than the first day of December, 1996, and by the first day of December each two years thereafter. The schedule of compensation shall become effective unless disapproved by concurrent resolution adopted by the general assembly before February 1 of the year following the filing of the schedule. Each schedule shall be published by the secretary of state as part of the session laws of the general assembly and may also be published as a separate publication at the discretion of the secretary of state. The schedule shall also be published by the revisor of statutes as part of the revised statutes of Missouri. The schedule shall, subject to appropriations, apply and represent the compensation for each affected person beginning on the first day of July following the filing schedule. In addition to any compensation established by the schedule, the general assembly may provide by appropriation for periodic uniform general cost-of-living increases or decreases for all employees of the state of Missouri and such cost-of-living increases or decreases may also be extended to those persons affected by the compensation schedule fixed by the commission. No cost-of-living increase or decrease granted to any person affected by the schedule shall exceed the uniform general by the general assembly. [Emphasis by underlining and bold face added.]
* * *
"[A]ll legislative authority not denied the General Assembly by the Constitution resides in it. Absent a constitutional limitation upon its powers, the General Assembly certainly may legislative as it wills, subject only to the limitations imposed by the Constitution of the United States." State ex rel.Heimberger v. Board of Curators of University of Missouri,188 S.W. 128, 131 (Mo. banc 1916); accord State ex inf. Danforth v.Merrell, 530 S.W.2d 209, 213 (Mo. banc 1975). "Article III, Section 36, [of the Missouri Constitution] forbids the withdrawal of money from the treasury, except in pursuance of appropriations made by law. Absent an appropriation by the General Assembly approved by the Governor, therefore, the constitution forbids any expenditure of state revenues." Fort Zumwalt School District v.State of Missouri, 896 S.W.2d 918, 922 (Mo. banc 1995). The power of the General Assembly with respect to the public funds raised by general taxation, subject to constitutional limitations, is supreme. State ex rel. Davis Smith, 75 S.W.2d 828, 829-30 (Mo. 1934) (emphasis added).
In interpreting Article XIII, Section 3, "[t]he fundamental purpose of constitutional construction is to give effect to the intent of the voters who adopted the Amendment. [Citation omitted.] Traditional rules of construction dictate looking at words in the context of both the particular provision in which they are located and the entire amendment in which the provision is located." Keller v. Marion County Ambulance District,820 S.W.2d 301, 302 (Mo. banc 1991). In construing a statute, significance and effect should, if possible, be attributed to every word, every phrase, sentence and part thereof, and words or phases may be stricken out only in extreme cases. State ex rel.Smith v. Atterbury, 270 S.W.2d 399, 404 (Mo. banc 1954). Rules employed in construction of constitutional provisions are the same as those employed in construction of statutes. State ex rel.Upchurch v. Blunt, 810 S.W.2d 515, 516 (Mo. banc 1991).
The provision in subsection 8 of Article XIII, Section 3 states that the compensation shown in the Compensation Schedule presents the compensation for those officials subject toappropriation. Significance and effect should be given to every phrase in the constitution. To give meaning to the phrase "subject to appropriations" the compensation shown in the Compensation Schedule is subject to appropriation so that the amount shown in the Compensation Schedule is only to be paid if the amount is appropriated. If less than the amount may be paid. The language enacted by the voters provides the compensation shown in the Compensation Schedule is subject to appropriations and that language should be given effect.
There is no constitutional limitation upon the power of the General Assembly to appropriate less than the amount shown in the Compensation Schedule. More money than provided by appropriation may not be withdrawn from the state treasury to pay the compensation for those officials. Therefore, if the General Assembly appropriates less money for the compensation of officials than the compensation shown in the Compensation Schedule prepared by the "Missouri Citizen's Commission on Compensation for Elected Officials", those officials are to be paid the lesser amount appropriated by the General Assembly rather than the amount shown in the Compensation Schedule.
CONCLUSION
It is the opinion of this office that if the General Assembly appropriates less money for the compensation of officials than the compensation shown in the Compensation Schedule prepared by the "Missouri Citizen's Commission on Compensation for Elected Officials", those officials are to be paid the lesser amount appropriated by the General Assembly rather than the amount shown in the Compensation Schedule.
Very truly yours,
 JEREMIAH W (JAY) NIXON Attorney General
 Appendix A Compensation Schedule (page 1 of 2)
Judges
 FY 98 FY99[1] Base Differential
Chief Justice, Supreme Court $120,000 $2,500 Supreme Court $120,000 Court of Appeals Judge $112,000 Circuit Judges $105,000 Associate Circuit Judges $ 99,000
General Assembly
 FY 98 FY 99[2] Salary Differential Salary Differential
Senator $32,500 $35,000 Representative $32,500 $35,000 Speaker of the House $32,500 $3,500 $35,000 $3,500 President Pro Tem of the Senate $32,500 $3,500 $35,000 $3,500 Speaker Pro Tem of the House $32,500 $2,500 $35,000 $2,500 Majority Floor Leader of the House $32,500 $2,500 $35,000 $2,500 Majority Floor Leader of the Senate $32,500 $2,500 $35,000 $2,500 Minority Floor leader of the House $32,500 $2,500 $35,000 $2,500 Minority Floor Leader of the Senate $32,500 $2,500 $35,000 $2,500 Chair, House Budget Committee $32,500 $2,500 $35,000 $2,500 Chair, Senate Appropriation Committee $32,500 $2,500 $35,000 $2,500
Per diem is to be indexed on the Federal standard (Department of Treasury — Internal Revenue Service)[3] Mileage is to be indexed to the prevailing State of Missouri — Office of Administration rate as applied for all other state employees.[4]
 Appendix A Compensation Schedule (page 2 of 2)
Elected Officials
 FY 98 FY99[5] Base
Governor 104,245.92 Lt. Governor 66,780.00 Secretary of State 83,621.04 Attorney General 90,496.32 State Treasurer 83,621.04 State Auditor 83,621.04
[1] FY99 (July 1, 1998) should be based on FY98 base + any periodic uniform general cost-of-living increases or decreases appropriated by the general assembly and signed by the Governor + differential no to exceed the uniform general increase or decrease provided for all other state employees by the general assembly.
[2] FY99 (July 1, 1998) should be based on FY99 base + any periodic uniform general cost-of-living, increases or decreases appropriated by the general assembly and signed by the Governor + differential not to exceed the uniform general increase or decrease provided for all other state employees by the general assembly.
[3] The city of comparison for per diem is Jefferson City, Missouri.
[4] Standard rates are published in employee handbooks annually.
[5] FY99 (July 1, 1998) should be based on FY98 base + any periodic uniform general cost-of-living increases or decreases appropriated by the general assembly and signed by the Governor, not to exceed the uniform general increase or decrease provided for all other state employees by the general assembly.