

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI, ex rel., )
JEFFREY K. BASINGER, )
 )
      Appellant, )
 )
v. ) WD85857
 )
JOHN R. ASHCROFT, IN HIS ) Opinion filed: August 29, 2023
OFFICIAL CAPACITY AS )
MISSOURI SECRETARY OF )
STATE, et al., )
 )
      Respondents. )

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE JON E. BEETEM, JUDGE**

Division Two: W. Douglas Thomson, Presiding Judge,
Thomas N. Chapman, Judge and Janet Sutton, Judge

Appellant Jeffrey Basinger appeals from the circuit court's dismissal of his petition for writ of mandamus. Basinger filed a petition for writ of mandamus in the circuit court seeking to compel the Missouri Secretary of State to process Basinger's sample initiative petition for the November 2024 ballot prior to the November 2022 election. Basinger argues on appeal that the trial court erred in dismissing his petition because the trial court misapplied the law in finding that

Basinger had no clear right pursuant to Section 116.332 for his sample initiative petition to be processed prior to the November 2022 election. Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

The parties agree on the facts. On August 1, 2022, the Secretary of State received Basinger's sample initiative petition for placement on the November 2024 general election ballot. The Secretary of State acknowledged receipt of the initiative petition but refused to process it before November 9, 2022 – the day after the November 2022 general election.

On August 10, 2022, Basinger filed a petition for writ of mandamus to compel the Secretary of State to immediately process Basinger's ballot initiative petition. The Secretary of State and Attorney General filed a joint motion for judgment on the pleadings.[1] Basinger also filed a motion for judgment on the pleadings.

The circuit court granted the Secretary of State's motion and denied Basinger's.[2] The circuit court determined that Basinger failed to demonstrate a "clear, unequivocal right" to have his sample initiative petition for the November 2024 general election processed before the November 2022 general election.

---

[1] The Missouri Auditor was also named in Basinger's petition but was dismissed by the circuit court early on and is not a party to this appeal.

[2] In doing so, the trial court dismissed the Attorney General. Though the Attorney General has joined the Secretary of State in filing a brief in this appeal, all parties concede that the Attorney General was dismissed as a party in this manner. We proceed accordingly.

Basinger filed his notice of appeal with the Missouri Supreme Court, which transferred the case to this Court pursuant to Mo. Const. art. V, Section 11.

## II. APPELLATE JURISDICTION

First, we must determine whether we have jurisdiction to review the denial of Basinger's petition for writ of mandamus. As this Court has previously discussed:

> "Writs are extraordinary remedies, and their procedures differ from normal civil actions." *Bartlett v. Mo. Dep't of Ins.*, 528 S.W.3d 911, 913 (Mo. banc 2017). For example, a party seeking a writ of mandamus must include suggestions in support of their petition as well as any exhibits "that may be essential to an understanding of the matters set forth in the petition in mandamus." *Id.* (quoting Rule 94.03). Once a writ proceeding is initiated, the court does not issue summons as is normally done in a civil action. *Id.* Instead, the court must review the contents of the petition and supporting suggestions and determine whether to issue a "preliminary order" or preliminary writ of mandamus. *Id.*; Rule 94.04. If the court declines to issue a preliminary writ, the appropriate recourse is "to file the denied writ petition in a higher court." *R.M.A.* [*v. Blue Springs R-IV Sch. Dist.*, 477 S.W.3d 185, 187 (Mo. App. W.D. 2015)]. However, if the preliminary writ is granted, then the respondent is required to file an answer to the petition. Rule 94.05. Once the respondent has answered the petition, the trial court may then proceed to either grant or deny a permanent writ. "An appeal will lie from the denial of a writ petition when the lower court has issued a preliminary order in mandamus but then denies a permanent writ." *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 358 (Mo. banc 2013).

*Riley v. City Administrator of City of Liberty*, 552 S.W.3d 764, 766-67 (Mo. W.D. 2018). Here, the circuit court entered a preliminary writ to which the Secretary of State answered and then the circuit court denied to make the writ permanent. Therefore, we have jurisdiction over Basinger's appeal.

3

## III. STANDARD OF REVIEW

This Court has previously outlined the standard of review of a mandamus petition:

> "'Generally, mandamus is reviewed on appeal as any other non-jury civil matter.'" *Cox Health Sys. v. Div. of Workers' Comp.*, 190 S.W.3d 623, 626 (Mo. App. W.D. 2006) (citation omitted). Accordingly, "we will affirm the circuit court's denial of [Basinger]'s petition for writ of mandamus unless we find that it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Stone* [*v. Mo. Dep't of Corr.*], 313 S.W.3d [158, 160 (Mo. App. W.D. 2010)]. "[W]e review questions of law, including questions of statutory interpretation, *de novo*." *St. Joseph Sch. Dist.*, 307 S.W.3d at 212; *see also Cox Health Sys.*, 190 S.W.3d at 626.

*Chastain v. K.C., Mo. City Clerk*, 337 S.W.3d 149, 154 (Mo. App. W.D. 2011).

## IV. ANALYSIS

In his sole point on appeal, Basinger argues that the circuit court erred in dismissing his petition for writ of mandamus because the circuit court misapplied the law "in concluding that [Basinger] had no clear right pursuant to [Section] 116.332 for his sample ballot initiative petition to be processed by the Secretary of State in that the Missouri Constitution did not suspend the Secretary of State's obligation to process sample petitions."

"A writ of mandamus compels 'the performance of a ministerial duty that one charged with the duty has refused to perform.'" *Stone*, 313 S.W.3d at 160 (quoting *Furlong Cos. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006)). "A petitioner seeking mandamus review must allege and prove 'a clear, unequivocal, specific right to a thing claimed.'" *Id.* (quoting *Furlong*, 189 S.W.3d

4

at 166)). "Mandamus does not issue except in cases where the ministerial duty sought to be coerced is definite, arising under conditions admitted or proved and imposed by law." *Furlong*, 189 S.W.3d at 166.

Basinger argues that Section 116.332 compels the Secretary of State to process his sample initiative petition and that nothing in Section 116.332 permits the Secretary of State from refusing to process a sample initiative petition for a future general election before the current general election has occurred. Section 116.332 generally outlines the Secretary of State's obligations in processing sample initiative petitions and sets forth the process for having an initiative placed on the ballot. We agree that Section 116.332 is silent as to when the Secretary of State must begin processing sample initiative petitions for a general election. The issue in this case is whether that silence imposes a duty on the Secretary of State to immediately process a sample initiative petition for a future general election, in this case the November 2024 general election, before the upcoming general election, in this case the November 2022 general election, has passed. It does not.

The Missouri Supreme Court has squarely addressed this issue in *State ex rel. Upchurch v. Blunt*, 810 S.W.2d 515 (Mo. banc 1991). In *Upchurch*, the appellant appealed from the dismissal of his petition for declaratory judgment and writ of mandamus against the Secretary of State. *Upchurch*, 810 S.W.2d at 515. At the time, Section 116.332.1 required that a sample initiative petition be submitted to the secretary of state not more than "one year prior to the final date for filing the signed petition with the secretary of state." *Id*. at 516. The Missouri Supreme Court

was tasked with examining the validity of that provision. The Missouri Supreme Court struck down said provision, finding that the Missouri Constitution provides a wholly different limitation for filing sample initiative petitions with the Secretary of State, thus rendering unconstitutional Section 116.332.1's one-year limitation. *Id.* at 517. As the Missouri Supreme Court stated:

> Constitutional provisions relating to the period of time during which petitions may be circulated for signatures are clearly framed by reference to general elections and the periods between them. The final date for obtaining signatures is established by Mo. Const. art. III, § 50: Initiative petitions proposing amendments to the constitution must be "filed with the secretary of state *not less than* [*six*] [3] *months before the election*...." (Emphasis added). Article XII, § 2(b), fixes the date before which signatures may not be obtained: "All amendments proposed by the general assembly or by the initiative shall be submitted to the electors for their approval or rejection by official ballot title as may be provided by law, on a separate ballot without party designation, *at the next general election*, or at a special election called by the governor prior thereto, at which he may submit any amendments." (Emphasis added). *Under this provision, unless a special election is called by the governor, an amendment is submitted at the next general election, and the time in which to submit the sample petition is effectively limited only by the period between general elections. Concomitantly, it is clear that the constitution permits submission of sample initiative petitions to the secretary of state from any time after one general election until [six] months prior to the next general election.*

*Id.* at 517 (final emphasis added).

Basinger argues that *Upchurch* is inapplicable to this case because it addressed only the applicable period for signature collection. While we can agree that *Upchurch* addressed the applicable period for signature collection, we cannot agree that *Upchurch* addressed the signature collection period *alone*. *Upchurch* itself involved the time period in which the Secretary of State was required to

---

[3] *See* MO. CONST. art. III, § 50 (amended after *Upchurch* to six months instead of four months).

accept a *sample initiative petition* for processing: the Secretary had refused to accept for filing a sample petition submitted on November 13, 1990, based on the time limitation then contained in Section 116.332.1. In holding that the statutory time limitation for submission of sample petitions was unconstitutional, *Upchurch* makes clear that Article XII, § 2(b) of the Missouri Constitution provides that a sample initiative petition can only be *submitted* "to the secretary of state from any time after one general election until [six] months prior to the next general election." *Id. Upchurch* is controlling in this case, and this Court is bound to follow its precedent. *See* State v. Brightman, 388 S.W.3d 192, 199 (Mo. App. W.D. 2012) ("[t]he Court of Appeals is constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri.") (internal citations omitted).

Though Section 116.332.1 no longer sets forth any time limitation for filing a sample initiative petition with the Secretary of State, it still imposes certain obligations on the Secretary of State with respect to processing sample initiative petitions. Clearly, however, the Missouri Constitution sets forth when Section 116.332 is triggered and the Secretary of State's obligations commence. Namely, sample initiative petitions are to be processed during the election cycle for which they will be placed on the ballot. Practically, this means that a sample initiative petitions for the November 2024 general election can be processed only between

the day following the November 2022 general election until six months prior to the November 2024 general election.[4]

At the time Basinger filed his sample initiative petition on August 1, 2022, the next general election was November 2022. Basinger acknowledges that he did not want his initiative processed for the November 2022 ballot, which was the *next* general election, but rather he wanted his initiative processed for the November 2024 ballot. Accordingly, in reading Section 116.332 in harmony with the Missouri Constitution as interpreted in *Upchurch*, the Secretary of State's constitutional obligation to process Basinger's sample initiative petition did not arise until the day following the November 2022 election, November 9, 2022.

The Secretary of State had no ministerial duty to process Basinger's sample initiative petition for the November 2024 general election prior to the day following the November 2022 general election. It follows that Basinger had no clear, unequivocal, and specific right to have the Secretary of State process his sample initiative petition prior to the day following the November 2022 general election. As such, Basinger is not entitled to mandamus relief and the circuit court did not misapply the law in denying him relief. Point I is denied.

## CONCLUSION

The circuit court's judgment is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur

---

[4] Absent a special election being called by the Governor prior thereto. MO. CONST. ART. XII, § 2(b).