STATE of Missouri, ex rel. Mary B. KIELY, and Dianne Bockelman, Relators-Respondents,

v.

Dorothy SCHMIDLI, Secretary of the Board of Education of the Reorganized District R–10 School District, Benton County, Missouri, Respondent-Appellant.

No. 29721.

Missouri Court of Appeals, Western District.

June 11, 1979.

Kelso Journey, Clinton, for respondent-appellant.

James T. Buckley, Sedalia, for relators-respondents.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge, Presiding.

Appeal from writ of mandamus which commanded a school board and its secre-

tary, respondent Dorothy Schmidli, to conduct an election on a school district boundary change. The question is whether, upon commencement of this action, there was a legal duty on respondent secretary to post notices of such an election, subject to enforcement by mandamus. Reversed.

Reorganized District R–10 is governed by a six member board. The board's last meeting prior to the annual school election of April 5, 1977, was March 3, 1977. Dorothy Schmidli was the board's secretary through the election of April 5, 1977.

A mass meeting of R–10 patrons was held March 15, 1977, for nomination of two board candidates for the annual election ballot. Incumbent board member John Kiely was defeated for nomination after which he read to the audience a paper purporting to be a petition for boundary change. He placed some papers headed "Notice of Special Election" on a table before Mrs. Schmidli and directed her to sign them. Mrs. Schmidli refused for the reason there was no board meeting or order of the board authorizing or directing her to give any such notice. Mr. Kiely retrieved and retained all such papers. Relator Mary B. Kiely, wife of John Kiely, was President of R–10 board and had the power to call a special meeting of the board. No such meeting was called.

At 7:30 p. m., March 16, 1977, Mr. Kiely and three other persons went to Mrs. Schmidli's home and handed her a petition for change of boundary between District R–10 and adjacent District R–9. Mrs. Schmidli filed such papers with other papers to be presented to the R–10 board at its next meeting scheduled for April 6, 1977.

The District R–9 board received the boundary change petition March 14 or 15, 1977, and it ordered newspaper publication of notices of election for consideration of the boundary change at the annual election April 5, 1977.

On March 18, 1977, the Petition for Writ of Mandamus was filed, and Mrs. Schmidli was served with an Alternative Writ of Mandamus which commanded her "to post written notice in the manner prescribed by Section 162.061" of an election to be conducted April 5, 1977, on the proposition to change the boundary line between District R–9 and R–10. Mrs. Schmidli, advised by counsel, refused to comply with the writ; and after answer and return to show cause order, the matter came on for trial after which the alternative writ was made permanent.

At the hearing it was conceded there was no board action or order of the board with respect to notice of election to be given by Mrs. Schmidli; and that the form notice which Mr. Kiely asked her to sign which read "Done by order of the Board of Education this 15th day of March, 1977," was a false statement.

Section 162.431 RSMo provides that a prescribed number of voters in a six director school district may petition for a change of boundaries in which case "The secretaries of the district school boards shall give notice of an election on the desired change before the next annual or biennial election in the manner provided by Section 162.061 * * *".

Section 162.061, RSMo provides that such notice "shall be in writing and shall be given either by posting written notice in at least five public places within the county * * * The method of giving notice shall be determined by the school board of the district by an order entered on the records of the district * * *".

The function of the writ of mandamus is to enforce, not to establish, a claim or right; the office of the writ is to execute, not to adjudicate. *State v. Hawkins*, 337 S.W.2d 441, 443 (Mo.App.1960). "In order to warrant control by mandamus, there must be an existing, clear, unconditional, legal right in relator, and a corresponding present, imperative, unconditional duty upon the fact of respondent, and a default by respondent therein". *State ex rel. Public Service Commission of Missouri v. Missouri Pac. R. Co.*, 280 Mo. 456, 463–464, 218 S.W. 310, 311 (1919).

The record demonstrates that the method of giving notice was never determined by the school board of R–10 district as required by Section 162.061, supra. There was thus no unconditional duty upon Mrs. Schmidli as clerk of the R–10 board subject to enforcement by writ of mandamus.

Judgment reversed.

All concur.