

# In the Missouri Court of Appeals
## Eastern District

<u>WRIT DIVISION I</u>

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. | ) | No. ED103031 |
| DONALD E. ISSELHARD, D.D.S., | ) | |
| | ) | |
| Relator, | ) | Writ of Mandamus |
| | ) | Circuit Court of St. Louis County |
| | ) | Cause No. 15SL-CC00133 |
| vs. | ) | |
| | ) | |
| THE HONORABLE COLLEEN DOLAN, | ) | |
| JUDGE OF THE 21ST JUDICIAL | ) | |
| CIRCUIT COURT, | ) | |
| | ) | Filed: July 7, 2015 |
| Respondent. | ) | |

<u>Introduction</u>

Relator, Donald E. Isselhard, D.D.S. (Isselhard), seeks a writ of mandamus directing Respondent, the Hon. Colleen Dolan (Respondent) to enter an order accepting the date of filing of the petition against him as January 15, 2015, as originally reflected in the electronic filing system. Isselhard further requests that we direct Respondent to dismiss the cause of action against him with prejudice because the petition was filed outside the statute of limitations. Because the trial court properly exercised its discretion in having the record reflect the petition was filed on January 13, 2015, we deny the petition for writ of mandamus.

## Facts and Procedural History

Plaintiff Barbara J. Perry (Plaintiff) was a patient of Isselhard and allegedly was injured by his negligence. On October 29, 2013, Plaintiff filed a "Complaint for Medical Negligence" against Isselhard alleging two counts. On January 14, 2014, Plaintiff voluntarily dismissed her lawsuit. On January 13, 2015, Plaintiff submitted another petition against Isselhard entitled "Complaint for Medical Negligence" for filing through the electronic filing system. The electronic filing system confirmed that the document (numbered EF2855761) was submitted for filing on January 13, 2015. On January 15, 2015, the petition was returned to Plaintiff due to "Missing/Incorrect Party(ies) – All parties need to be added into the e-filing system prior to submission." Plaintiff then resubmitted the same petition along with the requested party information on January 15, 2015. The petition on file contains an electronic filing stamp of January 15, 2015.[1]

Under the savings statute, Plaintiff was required to re-file her petition within one year of the date of the voluntary dismissal. Section 516.230, RSMo. 2000. Because Plaintiff dismissed her previous petition on January 14, 2014, she was required to re-file her petition by January 13, 2015. Isselhard filed a motion to dismiss the petition alleging the petition was filed beyond the permissible time allowed. Respondent denied the motion to dismiss, concluding that the petition was deemed timely filed on January 13, 2015.

Isselhard contends that Plaintiff did not re-file her petition until January 15, 2015 when the petition was accepted by the clerk's office. Isselhard posits that Respondent lacks authority to change the date of filing to January 13, 2015, the date the petition was first submitted, but not

---

[1] The electronic filing system prevents the clerk from changing the computer-generated file stamp and there is no mechanism for "back-dating" a file stamp in the electronic filing system.

2

accepted. Therefore, Isselhard requests this Court to issue a writ of mandamus directing Respondent to enter an order reflecting the date of filing of the petition as January 15, 2015, and to dismiss Plaintiff's cause of action against him with prejudice as the petition was filed outside the statute of limitations. Although we deny Relator's petition, we write this opinion to provide guidance upon the recurrence of this and similar issues with electronic filing.

## Standard of Review

Our power to issue remedial writs derives from Article V, Section 4.1 of the Missouri Constitution. State ex rel. Dir. of Revenue v. Kinker, 209 S.W.3d 1, 2 (Mo. App. E.D. 2006) (citing State ex rel. Dir. of Revenue v. Mobley, 49 S.W.3d 178, 179 (Mo. banc 2001)). A writ of mandamus may issue under very limited circumstances as it is "a hard and fast unreasoning writ, and is reserved for extraordinary emergencies." Norvall v. Whitesell, 605 S.W.2d 789, 791 (Mo. banc 1980). The function of the writ of mandamus is to enforce, not to establish, a claim or right; the office of the writ is to execute, not to adjudicate. State ex rel. Kiely v. Schmidli, 583 S.W.2d 236, 237 (Mo. App. W.D. 1979). To warrant control by mandamus, "there must be an existing, clear, unconditional legal right in relator, and a corresponding present, imperative, unconditional duty upon the fact of respondent, and a default by respondent therein." Id.

## Discussion

Rules 103.06(e) and (f) explain the legal framework when a document is submitted to the court through the electronic filing system. Rule 103.06(e) provides that "[a] document is submitted for filing when the electronic filing system receives the document and sends a confirmation receipt to the filer." Rule 103.06(f) states that "[I]f the clerk accepts a document

3

for filing, the date and time of filing entered into the case management system shall be the date and time the electronic filing system received the document."

In State v. Ess, 453 S.W.3d 196 (Mo. banc 2015), the Supreme Court addressed the issue of the proper filing date for a paper pleading that was rejected by a circuit clerk. In that case, defense counsel had attempted to file a paper motion for new trial in the clerk's office on the day it was due, January 9, 2014. The clerk's office refused to accept the filing because the accompanying affidavit did not include a notary stamp. The matter was not corrected until the following day, January 10, 2014, and the clerk filed the motion on January 10, 2014. The circuit court sustained the defendant's motion to have the record reflect that his motion for new trial was timely filed on January 9, 2014. Id. at 201. The Supreme Court found the circuit court's action was not an abuse of discretion, noting that the "circuit clerk refused [defendant's] filing in the absence of some clear prohibition in law, court rule, or specific court order. The circuit clerk was obligated to accept the filing." Id.; see also Vogl v. State, 437 S.W.3d 218, 225-26 (Mo. banc 2014).

Although Ess addressed the filing of a paper document, we find no reason to diverge from the legal standard espoused in Ess merely because the document at issue was presented to the court clerk by means of electronic filing. Here, the petition submitted for filing by Plaintiff was in proper form. The filing was returned by the clerk simply because Plaintiff failed to enter the name of the defendant and check his party status in a box on the electronic filing page. All of the parties were properly named on the petition. The name and address of the defendant to be served was contained within the caption and the body of the petition. We are aware of no law, court rule, or specific court order authorizing the court clerk to reject the filing of the petition for such a minor technical deficiency. We note that Isselhard does not suggest that there is any difference

4

between the petition submitted for filing on January 13, 2015 and the petition submitted, accepted and filed on January 15, 2015.

Under Ess, the clerk was obligated to accept the filing. A pleading is deemed filed when it is received by the clerk of a circuit court. Vogl, 437 S.W.3d at 226. In electronic filing, the circuit clerk does not actually receive the filing in the same way it receives a paper pleading. Instead, the clerk receives an electronic document when the filing is received by the electronic filing system. Rule 103.06(e). The petition was received by the electronic filing system on January 13, 2015. The petition should have been accepted as of that date. Had the petition been accepted as required, the electronic filing system would have created an electronic filing stamp of January 13, 2015.

One of the advantages of the electronic filing system is that it creates and maintains a clear record of the documents as they are submitted, even if not accepted. It is not questioned that the petition at issue in the lawsuit was submitted and received through the electronic filing system on January 13, 2015. Given the facts before us, we do not find that Isselhard has a clear, unconditional legal right to the action he requested of the trial court. To the contrary, the trial court properly exercised its discretion when ordering the record to reflect that Plaintiff's petition was filed on January 13, 2015. Accordingly, issuing a writ of mandamus would be improper.

The petition for a writ of mandamus is denied.

Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr. J., and
Lisa Van Amburg, C.J., concur.

5