Barbara BARTLETT, et al., Appellants,

v.

**MISSOURI DEPARTMENT OF IN-SURANCE and Chlora Lindley-Myers,[1] Respondents.**

**No. SC 96212**

Supreme Court of Missouri,
en banc.

Opinion issued August 22, 2017

Bartlett and Hermandez were represented by Anthony L. Dewitt, Edward D. Robertson Jr. and Mary D. Winter of Bartimus, Frickleton and Robertson PC in Jefferson City, (573) 659-4454.

Ryan M. Paulus and Brittany N. Coughlin Mehl of the Cornerstone Law Firm in Kansas City, (816) 581-4040.

The department and its director were represented by James R. McAdams, deputy commissioner and general counsel of the

---

1. Chlora Lindley-Myers succeeded John M. Huff as Director of the Department of Insurance, Financial Institutions and Professional Registration, and was duly substituted as a party before this Court.

department in Jefferson City, (573) 751-1851.

PER CURIAM

Rule 94 prescribes the practice, procedure, and pleading for mandamus proceedings in circuit court, including the requirement that a circuit court issue a preliminary writ before an answer and decision on the merits. Here, the circuit court issued summonses rather than a preliminary writ. But the "practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94," and this Court will not exercise its discretion to treat the summonses as a preliminary writ in this case. *U.S. Dep't of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 n.1 (Mo. banc 2013) (warning that this Court "is not required to exercise its discretion in like manner in the future"). As such, the appeal is dismissed.

## I.

On November 9, 2012, two former employees of the Missouri Department of Insurance, Barbara Bartlett and Shawn Hernandez ("Employees"), filed a "Petition for Writ of Mandamus—Class Action" in Jackson County circuit court. Employees requested a writ of mandamus directing the department and its director (collectively, "Department") to pay Employees for lost wages and pensions. The circuit court's administrator, uncertain how to characterize the filing, sent a note asking Employees if the filing should be "handled as a Writ or a regular Jackson County case? If handled as a Writ of Mandamus, please refer to the Missouri Court Rules." Employees responded, instructing: "Please file the above styled case as a regular Jackson County Case and not as a Writ."

In compliance with Employees' instructions, summonses for a civil case were issued by the circuit court and served.

The case was subsequently transferred to Cole County circuit court, and the Department filed a motion to dismiss. In its motion, the Department argued, in part, that Employees "fail[ed] to satisfy the elements for a writ of mandamus and fail[ed] to satisfy the procedural requirements for mandamus under Missouri Supreme Court Rule 94.03." Employees then filed a "First Amended Petition for Writ of Mandamus," styling themselves as relators in the writ petition and attaching suggestions in support and exhibits. The circuit court overruled the motion to dismiss, finding "mandamus an appropriate remedy" and directing the Department to file an answer.

The Department filed a "General Objection and Answer" asserting "the circuit court is empowered to issue but one type of order; a preliminary order in mandamus." After the answer was filed, Employees sought leave to file a "Second Amended Petition for Writ of Mandamus" and, in an effort to "file a complete writ" that "fully complies with Rule 94.03," they filed suggestions in support of their petition along with exhibits. The Department once again objected and argued Employees failed to comply with Rule 94 and were not entitled to a writ of mandamus. Specifically, the Department argued:

> This case is not a civil tort action and was brought over two years ago as a petition for writ of mandamus. ... Relators concede on the face of their Amended Motion that their prior attempts failed to support their claim for writ and failed to supply the required material under Rule 94.03.

The parties eventually filed competing motions for summary judgment. On December 31, 2015—more than three years after the initial filing—the circuit court entered the following "judgment:"

The Court finds that Relators have failed to establish a basis for mandamus in that they cannot establish what they should have been paid, except to the extent that it should be more. Mandamus requires a showing of a clearly established right.

Independently, while as this Court has previously found that mandamus is the proper cause of action to compel a payment, the doctrine of sovereign immunity bars this action under the facts established.

The Court sustains the Respondents' Motion for Summary Judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Relators' request for a Writ of Mandamus is denied and judgment is entered in favor of Respondents. All other claims for relief, not expressly granted herein, are denied. Costs taxed to the Relators.

Employees appealed, and this Court granted transfer after opinion by the court of appeals. *See* Mo. Const. art. V, sec. 10.

## II.

The Missouri Constitution authorizes this Court to "establish rules relating to practice, procedure and pleading for all courts and administrative tribunals." Mo. Const. art. V, sec. 5. In accordance with this authority, Rule 94 prescribes the rules for "[p]roceedings in mandamus in a circuit court." Rule 94.01.

■ The rules for mandamus proceedings are different from the rules for normal civil actions in circuit court. For example, an application for a writ of mandamus "shall be accompanied by suggestions in support thereof" as well as exhibits "that may be essential to an understanding of the matters set forth in the petition in mandamus." Rule 94.03. In addition, instead of issuing a summons in a mandamus

proceeding, the circuit court issues a "preliminary order" or preliminary writ of mandamus. *Compare* Rule 54 *with* Rule 94. It is this procedural difference—the issuance of a preliminary writ—and the failure to follow this procedure that is critical to the disposition of this case.

■ Ordinarily, once a party files an application for a writ of mandamus by filing a petition in mandamus, suggestions in support, and exhibits, *see* Rule 94.03, the circuit court determines if it is "of the opinion that the preliminary order in mandamus should be granted," Rule 94.04. "If the court does not grant a preliminary order, the petitioning party then must file its writ petition in the next higher court." *State ex rel. Ashby Rd. Partners v. State Tax Comm'n*, 297 S.W.3d 80, 83 (Mo. banc 2009). There is no appeal from the denial of a preliminary writ of mandamus.

In contrast, an appeal will lie "from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ." *Boresi*, 396 S.W.3d at 358. The circuit court in this case did not issue a preliminary writ as required by Rule 94 but instead issued summonses and treated the proceeding as a normal civil action. Yet the circuit court ultimately denied Employees' request for mandamus relief, finding no "clearly established right." *See State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n of State*, 236 S.W.3d 632, 635 (Mo. banc 2007) (quoting *Furlong Co. v. City of Kansas City*, 189 S.W.3d 157, 165-66 (Mo. banc 2006) ("[A] litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed.")).

In *Boresi*, the circuit court, as in this case, issued a summons instead of a preliminary writ and then denied the petition for writ of mandamus. 396 S.W.3d at 358. Despite the lack of a preliminary writ, this

Court exercised its discretion in *Boresi* to treat the summons as a preliminary writ and "consider the matter on the merits and issue the writ because the parties, who already have litigated the matter fully, were not at fault and should not be required to initiate a new writ proceeding due to the circuit court's failure to follow the procedure prescribed by the rules." *Id.* at 359 n.1. This Court made clear, however, that the "practice of issuing a summons in lieu of a preliminary writ is not authorized by Rule 94. Writs are extraordinary remedies, and their procedures differ from normal civil actions. The practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the remedy." *Id.* (internal citation omitted). Then came the warning to those that follow: "This Court is not required to exercise its discretion in like manner in the future." *Id.* That future has now arrived.

In *Boresi* and in *State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights*, Nos. SC95758, SC95759, 527 S.W.3d 837, 2017 WL 3598211 (Mo. banc Aug. 22, 2017), also handed down this date, the parties and the circuit court treated the summons in a manner that can be fairly characterized as granting "the functional equivalent of a preliminary order." *Boresi*, 396 S.W.3d at 359. Here, the Department—correctly—objected to the treatment of the proceedings as a normal civil action, repeatedly noted the procedural deficiencies, and argued Employees and the circuit court failed to comply with Rule 94. In response, Employees sought to cure the procedural deficiencies and conform to the requirements of Rule 94. But their efforts fell short. Likewise, the circuit court acquiesced in the treatment of the mandamus proceedings as a normal civil action until the very end. At the request of Employees, for example, the circuit court issued summonses rather than the required preliminary writ. Parties seeking

mandamus relief who choose to disregard the procedures and requirements of Rule 94 do so at their own risk.

In the end, the circuit court denied Employees a writ of mandamus. But having never granted a preliminary writ, Employees' course of action would be to seek relief in the next higher court, as denial of mandamus relief without the issuance of a preliminary writ is not subject to appeal. *See Boresi*, 396 S.W.3d at 358-59; *Ashby Rd. Partners*, 297 S.W.3d at 83.

### III.

For the foregoing reasons, this Court dismisses the appeal.

All concur.