EDWARD R. ARDINI, JR., JUDGE
*765 Vicki and Landon Riley appeal the judgment of the Circuit Court of Clay County, Missouri, denying the issuance of a preliminary writ of mandamus. The writ sought to mandate the payment of interest that the Rileys argue is owed on weekly death benefits awarded to them under the Missouri Worker's Compensation Law. Because no appeal lies from the denial of a preliminary writ, we dismiss the appeal.
Factual and Procedural Background[1]
William Riley ("William") was an employee of the City of Liberty ("the City"), where he served as the Deputy Fire Chief/Emergency Medical Services Director.[2] He suffered a fatal heart attack in the early morning hours of October 6, 2004, following a series of stressful encounters while at work the previous day. His wife, Vicki Riley, filed a timely claim for death benefits on behalf of herself and the couple's dependent son Landon Riley (collectively "the Rileys"). Their claim was denied by an Administrative Law Judge ("ALJ") who found that William had neither suffered an accident nor died from an occupational disease associated with his job. The Rileys appealed the ALJ's decision to the Labor and Industrial Relations Commission ("the Commission"). The Commission reversed, finding that work-related events occurring the day preceding William's death had "resulted in an increased demand on employee's heart, which culminated in ischemia, which deteriorated to heart failure in the hours leading up to his death early the following morning." The Commission issued an award granting the Rileys weekly death benefits of $675.90 and $5,000.00 in burial expenses. The award stated that "any past due compensation shall bear interest as provided by law." The City appealed the Commission's decision to this Court. On July 30, 2013, we affirmed the decision of the Commission.[3]
On August 8, 2013, the City made payments to the Rileys in satisfaction of the previously unpaid weekly death benefits and burial expenses as required by the Commission's award. However, the City did not include any interest with regard to those payments.[4] On December 13, 2013, the Rileys initiated mandamus proceedings seeking issuance of a writ against the City for the payment of interest on the award.[5]
*766 The trial court erroneously issued summons to the City. Following a period that included the parties filing a variety of motions and responses, the trial court entered a judgment resolving the case. The circuit court's judgment emphasizes that, under Supreme Court Rule 94, the next step following the filing of a petition for writ of mandamus was for the court to determine whether to issue a preliminary order of mandamus. The judgment explains that "the purpose of Rule 94's requirement for a preliminary order is to require a judicial evaluation of the claim before a determination is made as to whether the respondent should even be required to answer the allegations contained in the petition." Based on its determination that "the plaintiffs have failed [to] demonstrate that they have a clear, unequivocal right to recover interest," "the court decline[d] to issue a preliminary order in mandamus." The Rileys now appeal.
Analysis
Before we may consider the merits of the Rileys' arguments on appeal, we must first sua sponte determine whether we have authority to entertain the appeal. Powell v. Department of Corrections , 463 S.W.3d 838, 840 (Mo. App. W.D. 2015) ; R.M.A. v. Blue Springs R-IV School District , 477 S.W.3d 185, 187 (Mo. App. W.D. 2015) ("In every case before considering claims raised on appeal, this Court has a duty to sua sponte determine whether we have authority to decide the appeal." (quoting Collector of Revenue of City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens , 350 S.W.3d 840, 841 (Mo. App. E.D. 2011) ) ).
"A writ of mandamus may issue 'to compel the performance of a ministerial duty that one charged with the duty has refused to perform.' " State ex rel. Deckard v. Schmitt , 532 S.W.3d 170, 174 (Mo. App. W.D. 2017) (quoting State ex rel. Office of Public Counsel v. Public Service Com'n of State , 236 S.W.3d 632, 635 (Mo. banc 2007) ). For a court to issue a writ of mandamus, "there must be an existing, clear, unconditional legal right in relator, and a corresponding present, imperative, unconditional duty upon the fact of respondent, and a default by respondent therein." State ex rel. Isselhard v. Dolan , 465 S.W.3d 496, 498 (Mo. App. E.D. 2015) (quoting State ex rel. Kiely v. Schmidli , 583 S.W.2d 236, 237 (Mo. App. W.D. 1979) ). Such a writ "is to be used only as a last resort, in those cases in which no adequate alternative remedy exists," and is only appropriate "where it is necessary to prevent great injury or injustice." St. Louis County Board of Election Commissioners v. McShane , 492 S.W.3d 177, 180 (Mo. App. E.D. 2016) ; Schmitt , 532 S.W.3d at 174 (quoting State ex rel. Farley v. Jamison , 346 S.W.3d 397, 399 (Mo. App. E.D. 2011) ).
"Writs are extraordinary remedies, and their procedures differ from normal civil actions." Bartlett v. Missouri Dept. of Insurance , 528 S.W.3d 911, 913 (Mo. banc 2017). For example, a party seeking a writ of mandamus must include suggestions in support of their petition as well as any exhibits "that may be essential to an understanding of the matters set forth in the petition in mandamus." Id. (quoting Rule 94.03).[6] Once a writ proceeding is initiated, the court does not issue summons as is normally done in a civil action. Id. Instead, the court must review the contents of the petition and supporting suggestions and determine whether to issue a "preliminary order" or preliminary writ of mandamus. Id. ; Rule 94.04. If the court declines to issue a preliminary writ, the appropriate recourse is "to file the denied writ petition in a higher court."
*767 R.M.A. , 477 S.W.3d at 187. However, if the preliminary writ is granted, then the respondent is required to file an answer to the petition. Rule 94.05. Once the respondent has answered the petition, the trial court may then proceed to either grant or deny a permanent writ. "An appeal will lie from the denial of a writ petition when a lower court has issued a preliminary order in mandamus but then denies a permanent writ." U.S. Dept. of Veterans Affairs v. Boresi , 396 S.W.3d 356, 358 (Mo. banc 2013).
The record in this matter reveals that the underlying case followed a path that significantly strayed from the mandatory procedures of Rule 94. For example, the Rileys failed to include suggestions in support of their petition as required under Rule 94.03. In addition, the trial court improperly responded to the filing of the writ petition by issuing a summons to the City.[7] Bartlett , 528 S.W.3d at 913. As a result, the parties meandered through a process that more resembled a normal civil action than the unique structure mandated by Rule 94. However, despite deviating from the proper procedural path, it is clear that the judgment entered by the trial court and now before us on appeal is the denial of a preliminary writ of mandamus. This presents an impediment to the Rileys' ability to appeal the decision, as it is well-established that the proper remedy for a party faced with the denial of a preliminary writ is not an appeal but instead to refile the petition in a higher court. Id. ; R.M.A. , 477 S.W.3d at 187.
The Rileys nevertheless maintain that this Court has the authority to hear an appeal from the denial of a preliminary writ of mandamus. They rely almost exclusively on Stone v. Missouri Department of Corrections, Probation& Parole Board , for the proposition that the controlling factor in determining the right to appeal the denial of a writ is whether the denial was on the merits. Stone v. Mo. Dep't of Corr., Prob. & Parole Bd. , 313 S.W.3d 158, 160 (Mo. App. W.D. 2010) ("[W]hen the circuit court denies a petition for writ of mandamus following an answer or motion directed to the merits of the controversy and, in doing so, determines a question of fact or law, we treat the court's ruling as final and appealable."). The Rileys ignore that Stone predates the Missouri Supreme Court's decision in Boresi , a case this Court announced placed significant doubt on Stone 's continued viability. See R.M.A. v. Blue Springs R-IV School District , 477 S.W.3d 185, 187-88 (Mo. App. W.D. 2015) ("[I]t is difficult to read Boresi as endorsing continued reliance on [the legal principle laid out in Stone ] in cases where Rule 94 has not been followed."). They also overlook the Supreme Court's decisions in Bartlett v. Missouri Department of Insurance , 528 S.W.3d 911 (Mo. banc 2017), and State ex rel. Tivol Plaza, Inc. v. Missouri Commission on Human Rights , 527 S.W.3d 837 (Mo. banc 2017), which elaborated on Boresi and provided further clarity regarding when an appeal may be taken from the denial of a writ of mandamus. In particular, the Rileys fail to consider Bartlett 's explicit statement that "[t]here is no appeal from the denial of a preliminary writ of mandamus." Bartlett , 528 S.W.3d at 913. Given that the judgment entered by the trial court plainly and unequivocally states that it was "declin[ing] to issue a preliminary order in mandamus," there can be no appeal taken under the plain language of Bartlett . The proper recourse for the Rileys was to file the writ in a *768 higher court. Thus, the Rileys' appeal must be dismissed.
Conclusion
For the foregoing reasons, the appeal is dismissed.
All concur.

Portions of the factual and procedural background are adopted without citation from this Court's prior opinion in Riley v. City of Liberty , 404 S.W.3d 434, 436 (Mo. App. W.D. 2013).

The use of William Riley's first name is strictly for the purpose of ease of reference. No familiarity or disrespect is intended.

See Riley v. City of Liberty , 404 S.W.3d 434 (Mo. App. W.D. 2013). Our mandate issued August 21, 2013.

The underlying dispute between the parties centers on which provision governs the accrual of interest on weekly death benefits. The City takes the position that Missouri Revised Statute section 287.160.3 controls and that interest on the unpaid weekly death benefits did not begin to accrue until thirty days after this Court's decision affirming the Commission's award. The City argues that because it paid all past due weekly death benefits within that thirty-day window, no interest was owed. The Rileys, by contrast, maintain that section 287.160.3 does not apply to weekly death benefits and instead argue that the general interest provision found in section 408.020 is the applicable authority and interest began to accrue from the date they first filed their claim.

The City later paid all interest due on the past due burial expenses, which is no longer at issue in the case. See Stillwell v. Universal Const. Co. , 922 S.W.2d 448, 457 (Mo. App. W.D. 1996) (finding that the accrual of interest on past due burial expenses was governed by section 408.020 and not section 287.160 ) overruled on other grounds, Hampton v. Big Boy Steel Erection , 121 S.W.3d 220 (Mo. banc 2003).

All references are to Missouri Supreme Court Rules (2017) unless otherwise noted.

"The practice of issuing a summons rather than a preliminary order fails to acknowledge the nature of the remedy. Additionally, it requires a response from the respondent without regard to the merits of the petition." Dept. of Veterans Affairs v. Boresi , 396 S.W.3d 356, 359 n 1 (Mo. banc 2013).