

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, EX REL., | ) | |
| AARON MALIN, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | |
| vs. | ) | WD82689 |
| | ) | |
| | ) | Opinion filed: June 11, 2019 |
| THE HONORABLE PATRICIA S. | ) | |
| JOYCE, JUDGE OF THE CIRCUIT | ) | |
| COURT, COLE COUNTY, MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE PATRICIA S. JOYCE, JUDGE**

Before Writ Division: Victor C. Howard, Presiding Judge,
Gary D. Witt, Judge and Anthony Rex Gabbert, Judge

Relator, Aaron Malin, petitions this court for a writ of mandamus directing Respondent, the Honorable Patricia Joyce, to enter a judgment in Malin's case against the Missouri Association of Community Task Forces. This court has the authority to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution. The preliminary writ of mandamus is now made permanent, and Respondent is directed to enter a final appealable judgment.

**Facts**

In January 2018, Aaron Malin filed suit against the Missouri Association of Community Task Forces (d/b/a/ ACT Missouri) in the Cole County Circuit Court. In April 2018, ACT Missouri filed a motion for summary judgment. In May 2018, Malin filed a cross motion for summary judgment. In August 2018, the parties appeared before the trial court for argument on the pending cross motions for summary judgment.

On August 30, 2018, the trial court entered an order granting ACT Missouri's motion for summary judgment. The order was handwritten by the trial court judge on a form titled "CASE REVIEW DOCKET ENTRY." The handwritten text states: "Cause considered. Court finds for the defendant. [M]otion for summary judgment is granted and plaintiff's motion for summary is denied. Clerk is to forward copy to attorneys of record." It is signed by the trial judge. The docket entry on case.net states: "Order: Cause considered. Court finds for the defendant and defendants Motion for summary judgment is granted. Plaintiff[']s motion for summary is denied. Clerk to forward copy to attorneys of record. PSJ/rlo." After the August 30, 2018 docket text order was entered and until a docket entry was changed in January 3, 2019, the case remained on case.net as "Not Disposed."

On December 18, 2018, Malin's counsel emailed the circuit court and opposing counsel in an attempt to obtain a final, appealable judgment. Opposing counsel responded that she believed the August 30, 2018 docket entry was a final, appealable judgment. Both parties' positions were forwarded to the trial judge. On January 2, 2019, the trial court changed the entry on case.net from "Not Disposed" to "Tried by Court – Civil."

Malin filed a motion for leave to appeal by special order pursuant to Rule 81.07 with this court on January 11, 2019. He attached a copy of the August 30, 2018 order to the motion. This

court sent a letter to Malin, stating that a copy of the judgment is necessary to properly consider the motion.[1]

Malin filed a writ of mandamus with this court asking for the trial judge to be ordered to enter a final appealable judgment. A preliminary writ was issued on April 4, 2019, ordering the trial judge to enter a final, appealable judgment or show cause on or before April 11, 2019. The trial judge filed an answer with this court maintaining that final judgment had already been entered.

This opinion follows.

## Standard of Review

"A writ of mandamus may issue to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Riley v. City Adm'r of City of Liberty*, 552 S.W.3d 764, 766 (Mo. App. W.D. 2018) (internal quotation omitted). "For a court to issue a writ of mandamus, there must be an existing, clear, unconditional legal right in relator, and a corresponding present, imperative, unconditional duty upon the fact of respondent, and a default by respondent therein." *Id*. (internal quotation omitted). "Such a writ is to be used only as a last resort, in those cases in which no adequate alternative remedy exists, and is only appropriate where it is necessary to prevent great injury or injustice." *Id*. (internal quotation omitted).

## Analysis

The issue currently before the court is whether the docket entry in this case constitutes a final appealable judgment. "There is persistent confusion surrounding the issues of what a judgment is, what form it takes, and when it is entered." *State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019). "The first, and most important, of these issues is definitional: a judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit

---

[1] Given the outcome in this case, the motion for leave to appeal by special order is denied.

and establishes all the rights and liabilities of the parties with respect to that claim." *Id*. "If a judgment resolves all claims by and against all parties, or it resolves the last such claim and some (but not all) claims have been resolved previously, it is commonly referred to as a 'final judgment.'" *Id*.

"Judgments are a subset of orders generally." *Id*. at 599 (citing Rule 74.02). "As a result, a judgment must be in writing." *Id*. (citing Rule 74.01(a)). "In addition, because the foregoing definition of judgment depends upon the court's purpose and intent, a judgment must be denominated 'judgment' and signed by the judge to avoid any confusion about whether the court intended to enter a judgment." *Id*. (citing Rule 74.01(a)). "Finally, because numerous timetables are or may be triggered by the entry of a judgment, *see, e.g.,* Rules 71.05, 72.01(b), and 78.04, a judgment is 'entered' when the writing denominated a judgment is signed by the judge and filed." *Id*. (citing Rule 74.01(a)).

"The judgment may be a separate document or entry on the docket sheet of the case." *Smock v. Associated Elec. Coop., Inc.*, 567 S.W.3d 211, 216 n.9 (Mo. App. W.D. 2018) (internal quotation omitted). "[W]hether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a judgment by the trial court." *Id*. (internal quotation omitted).

Respondent asserts that the current case is indistinguishable from *Smock*, 567 S.W.3d 211 and *M & H Enters. v. Tri-State Delta Chems., Inc.*, 35 S.W.3d 899, 901-02 (Mo. App. S.D. 2001). Respondent states that the words "judgment granted" are sufficient and no additional language is required. Respondent's argument is unavailing.

A judgment was found in *Smock*, 567 S.W.3d at 216 n.9 where the order at issue stated, in pertinent part, that "it is hereby ordered, adjudged and decreed that Summary Judgment be and is entered in favor of Defendant and against Plaintiffs in this cause on all claims set forth in Plaintiff[s'] Second Amended Petition...." and where the judge's docket entry also stated, "Summary Judgment be and is entered." A judgment was found in *M & H Enters.*, 35 S.W.3d at 901-02 where the docket entry stated that the motion for summary judgment was sustained and further stated: "Summary Judgment entered accordingly." Significantly, in finding a final judgment, the *M & H Enters* court stated: "The trial court's statement suffices as a denomination of the entry as a judgment. By acknowledging, in the past tense, that summary judgment was entered, the trial court 'called' the text of its entry a judgment." *Id.* at 902; *see also, Silinzy v. Williams*, 247 S.W.3d 595, 599–600 (Mo. App. E.D. 2008) (finding a judgment where the documents stated in pertinent part: "… Plaintiff's Motion for Default *Judgment* is hereby GRANTED and plaintiff is granted a *judgment* in her favor….").

In contrast, a judgment was not found in *Boatright v. Boatright*, 91 S.W.3d 753, 753–54 (Mo. App. S.D. 2002) where "the word 'judgment' [was] used in the Order but only with reference to Defendant's motion for summary judgment" and where "the Order merely sustained the motion for summary judgment without reciting that a summary judgment was entered." Similarly, a judgment was not found in *Hamby v. City of Liberty*, 970 S.W.2d 382, 383 (Mo. App. W.D. 1998) where the court only used the word "judgment" in its docket entry when it "explain[ed] that it was considering the motion for summary judgment and treating it as a motion to dismiss as well as a motion for summary judgment" and where the "trial court's purpose in using the word 'judgment' was to identify the motion upon which it was ruling, not to designate the entry a 'judgment' for appeal purposes." *Id.*

Contrary to Respondent's assertion that the words "judgment granted" are present in this case and are sufficient, the trial court granted the *motion* for summary judgment. It did not also enter judgment. The trial court in this case did not enter a final judgment.

Respondent also relies on *Paparic v. McKinney*, 877 S.W.2d 139, 140 (Mo. App. E.D. 1994). Since that case, Rule 74.01 has been amended with new versions effective in 1995, 1998, and 2001. Prior to 1995, Rule 74.01(a) stated in its entirety:

> **(a) Included Matters.** "Judgment" as used in these Rules includes a decree and any order from which an appeal lies.

The current version of Rule 74.01(a) reads:

> **(a) Included Matters**. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

The revision of Rule 74.01 "does not expand or shrink jurisdiction, the right to appeal, or any other substantive right. It merely clarifies what constitutes a 'judgment.'" *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). Both the current Rule 74.01 and the cases discussed *supra* make clear that the trial court in this case must do more than grant the motion for summary judgment in order to enter a judgment.

### Conclusion

For the reasons set forth above, the preliminary writ of mandamus is made permanent. Respondent is directed to enter a judgment, denominated as such and signed by Respondent, stating: "Summary Judgment is entered in favor of Defendant and against Plaintiff."

6

_____
VICTOR C. HOWARD, JUDGE

All concur.