In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

 CAROL VINSON, ) No. ED109171
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Louis County
 vs. )
 ) Honorable Amanda B. McNelley
 MISSOURI COMMISSION ON )
 HUMAN RIGHTS, ET AL., )
 )
 Respondents. ) Filed: April 27, 2021

 Introduction

 Carol Vinson (“Appellant”) appeals the trial court’s dismissal of her petition for judicial

review of a Missouri Commission on Human Rights’ (“MCHR”) decision involving her former

employer CenturyTel Holdings Missouri, Inc. (“CenturyTel”) and her former supervisor, Ted

Wilmes. The MCHR issued a “right-to-sue” letter to Appellant regarding CenturyTel but refused

to issue a right-to-sue letter against Wilmes.1

 Appellant raises two points on appeal. In Point I, Appellant argues the trial court erred

by dismissing her petition for judicial review because the MCHR lacked statutory authority to

refuse to issue her a right-to-sue letter against Wilmes. Respondents argue Point I was not

1
 CenturyTel and Wilmes filed a joint brief and the MCHR filed a separate brief. For conciseness, we will refer to
CenturyTel, Wilmes, and the MCHR together as “Respondents” where appropriate.
preserved because Appellant did not present it to the trial court.2 In Point II, Appellant argues

the trial court erroneously applied the law by retroactively applying the amended definition of

“employer” provided in Mo. Rev. Stat. § 213.010 (2019) (the “Missouri Human Rights Act” or

“MHRA”) 3 to bar her discrimination claim against Wilmes for conduct preceding the

amendment. Respondent argues the trial court applied the correct definition of “employer”

because Appellant pled no facts establishing her claim accrued before the statute was amended.

 In addition to responding to each Point Respondents argue an alternative ground for

affirmance, asserting the trial court should have dismissed Appellant’s petition because

Appellant did not file a writ of mandamus petition and comply with Rule 94.03.4

 We affirm.

 Factual and Procedural Background

 Appellant worked for CenturyTel for about thirty-six years. On September 8, 2018,

CenturyTel suspended Appellant without pay for misuse of company property. Appellant

elected to retire. On February 18, 2019, Appellant filed a discrimination complaint against

CenturyTel and Wilmes with the MCHR. Appellant requested the MCHR provide her with

right-to-sue letters against CenturyTel and Wilmes. Appellant alleged she was discriminated

against at work based on her age, gender, and sexual orientation, and she was subjected to a

hostile work environment because Wilmes harassed and intimidated her. On September 13,

2019, the MCHR issued Appellant a right-to-sue letter for her claims against CenturyTel but

declined to issue her a right-to-sue letter for her claims against Wilmes. The MCHR explained it

2
 Appellant conceded Point I at oral argument.
3
 All statutory references are to RSMo (2019), unless otherwise indicated.
4
 All rule citations are to the Missouri Supreme Court Rules (2019), unless otherwise indicated.

 2
had no jurisdiction over Appellant’s allegations against Wilmes because the MHRA’s definition

of “employer” was amended on August 28, 2017 to exclude individual employees.

 Appellant filed a petition for judicial review on October 11, 2019. Appellant alleged

Wilmes’s conduct was a continuing violation that began before the 2017 amendment to the

MHRA and the MCHR erred by applying the amended definition of “employer” retroactively.

Respondents moved to dismiss, arguing Appellant failed to state a claim upon which relief could

be granted because the MCHR had no jurisdiction to issue a right-to-sue letter against Wilmes.

The trial court granted Respondents’ motion to dismiss, finding the MCHR properly applied the

MHRA in deciding not to issue Appellant a right-to-sue letter for her claim against Wilmes.

 This appeal follows. Additional factual and procedural history will be provided as

necessary to address Appellant’s claims.

 Standard of Review

 We review the trial court’s grant of a motion to dismiss de novo. Lang v. Goldsworthy,

470 S.W.3d 748, 750 (Mo. banc 2015). We review all grounds raised in the motion to dismiss.

Id. (citing In re Estate of Austin, 389 S.W.3d 168, 171 (Mo. banc 2013)). We will affirm if the

dismissal can be sustained on any ground raised in the motion to dismiss. Foster v. State, 352

S.W.3d 357, 359 (Mo. banc 2011). We are “primarily concerned with the correctness of the trial

court’s result, not the route taken by the trial court to reach that result.” Blue Ridge Bank and

Trust Co. v. Trosen, 221 S.W.3d 451, 457 (Mo. App. W.D. 2007). We will affirm the judgment

“if cognizable under any theory, regardless of whether the reasons advanced by the trial court are

wrong or not sufficient.” Id.

 3
 Discussion

 Appellant Failed to Properly File a Writ of Mandamus

 We address Respondents’ writ argument first because it is dispositive. Respondents

challenged Appellant’s filing of an ordinary civil petition for judicial review, rather than a writ of

mandamus, in the trial court and again on appeal. Section 536.150 requires judicial challenges to

administrative proceedings to be filed as a “suit for injunction, certiorari, mandamus, prohibition

or other appropriate action . . . . ” Appellant argued to the trial court “other appropriate action”

includes ordinary civil petitions. Respondents argue the Missouri Supreme Court has rejected

attempts to avoid filing writs in similar situations and traditional canons of construction

contradict Appellant’s interpretation of section 536.150. Respondents argue they were

prejudiced because Appellant’s petition circumvented the requirements of Rule 94. We agree

with Respondents. The trial court dismissed Appellant’s petition without discussing

Respondents’ writ argument.

 “Writs are extraordinary remedies, and their procedures differ from normal civil actions.”

Bartlett v. Missouri Dep’t of Ins., 528 S.W.3d 911, 914 (Mo. banc 2017). “Mandamus is

appropriate when seeking to require an official to perform a ministerial act.” State ex rel.

Missouri Clean Energy Dist. v. McEvoy, 557 S.W.3d 473, 478 (Mo. App. W.D. 2018). A

ministerial act is one which an official “shall” take “in obedience to the mandate of legal

authority.” Id. at 483. The pleading requirements of Rule 94 are more stringent than the

requirements of an ordinary civil petition because writs are “reserved for extraordinary

emergencies.” State ex rel. Isselhard v. Dolan, 465 S.W.3d 496, 498 (Mo. App. E.D. 2015).

Unlike an ordinary civil petition, the purpose of mandamus is to “enforce, rather than establish, a

claim or right.” Id. Mandamus is a “last resort” judicial power that permits courts to compel the

 4
government to perform an unconditional duty. Id.; Barnes v. Uhlich, 592 S.W.3d 67, 70-71 (Mo.

App. W.D. 2019). Here, Appellant asserts the MCHR had no authority to do anything other than

issue a right-to-sue letter regarding her claim against Wilmes.

 The Missouri Supreme Court has stated mandamus is the correct mechanism for courts to

compel the MCHR to act. State ex rel. Martin-Erb v. Missouri Comm’n on Human Rights, 77

S.W.3d 600, 608-09 (Mo. banc 2002). “This Court is constitutionally bound to follow the edicts

of the Missouri Supreme Court.” State v. Merchant, 363 S.W.3d 65, 69 (Mo. App. E.D. 2011).

 Although courts have discretion to hear improperly filed appeals from administrative

decisions, “[p]arties should not expect unending tolerance from the appellate courts for such

failures to follow Rule 94[], however, particularly when . . . the parties were made aware of the

failure to follow Rule 94.” Lampley v. Missouri Comm’n on Human Rights, 570 S.W.3d 16, 21

(Mo. banc 2019) (quoting State ex rel. Tivol Plaza, Inc. v. Missouri Comm’n on Human Rights,

527 S.W.3d 837, 842 (Mo. banc 2017)). The Missouri Supreme Court exercised its discretion in

Lampley and considered the merits of an MHRA claim without an initial writ filing, yet

dismissed without reaching the merits in Bartlett. In Lampley, the Court found the parties

“litigated the matter fully, were not at fault, and should not be required to initiate a new writ

proceeding due to the circuit court’s failure to follow the procedure proscribed by the rules.”

570 S.W.3d at 21 (quoting U.S. Dep’t of Veterans Affairs v. Boresi, 396 S.W.3d 356, 359 (Mo.

banc 2013)). In Bartlett, the Department objected to treating the proceedings as a normal civil

action throughout the case. 528 S.W.3d at 914. Despite reaching opposite results, the Bartlett

and Lampley Courts both noted, “[t]his Court is not required to exercise its discretion in like

manner in the future.” Id.

 5
 Respondents argue this case is like Bartlett because Respondents challenged Appellant’s

failure to file a writ petition throughout this case and, unlike in Lampley, Appellant never sought

a writ after filing a petition. We agree. Mandamus would have been the appropriate mechanism

for Appellant to ask the trial court to compel the MCHR to perform the ministerial act of

providing her with a right-to-sue letter. McEvoy, 557 S.W.3d at 478. Appellant’s failure to

comply with Rule 94 is fatal to her claim.

 The trial court should have dismissed without reaching the merits because Appellant did

not file suit in a manner permitted by section 536.150. Like in Bartlett, Respondents objected to

Appellant’s failure to file a petition for an injunction, certiorari, writ of mandamus, writ of

prohibition, or other appropriate action, repeatedly noted the procedural deficiencies, and argued

this action did not comply with Rule 94. We conclude the trial court correctly dismissed the

petition for judicial review but for the wrong reason. The trial court should have dismissed

Appellant’s petition for judicial review because Appellant failed to comply with section 536.150

and was “made aware of the failure to follow Rule 94.” Lampley, 570 S.W.3d at 21. We may

affirm based on any ground raised in the motion to dismiss, even if the trial court’s reasoning

was incorrect or insufficient. Foster, 352 S.W.3d at 359; Trosen, 221 S.W.3d at 457.

 Point I was conceded at oral argument. Point II is moot given our holding. We decline to
address them.
 Conclusion

 For the reasons stated above, we affirm.

 _______________________________
 Philip M. Hess, Judge
Gary M. Gaertner, Jr., P.J. and
Michael E. Gardner, J. concur.

 6