

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| VERNELL BEACH, BY AND THROUGH HIS NATURAL MOTHER AND LEGAL GUARDIAN, YOLANDA WALTON, | ) ) ) | *Opinion issued December 23, 2024* |
| | ) | |
| Respondent, | ) | |
| v. | ) | No. SC100455 |
| | ) | |
| KENNETH ZELLERS, COMMISSIONER, OFFICE OF ADMINISTRATION STATE OF MISSOURI AND ANDREW BAILEY, ATTORNEY GENERAL, STATE OF MISSOURI, | ) ) ) ) ) ) | |
| | ) | |
| Appellants. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable S. Cotton Walker, Judge

The attorney general and commissioner of the office of administration (collectively, "the state") appeal the order and judgment of the Cole County circuit court granting a permanent writ of mandamus directing them to release $8 million plus interest from the State Legal Expense Fund ("the fund")[1] to satisfy a judgment in favor of Vernell Beach for injuries he incurred from a state employee who was responsible for his care. Because the state was prejudiced when the circuit court issued a permanent writ without

---

[1] Section 105.711, RSMo 2016.

first entering a preliminary order in mandamus, this Court vacates the circuit court's order and judgment and remands the case.

### Factual and Procedural Background

A nurse ("Nurse") at a department of mental health facility assaulted Beach, a non-verbal, developmentally disabled patient. In July 2017, the state charged Nurse with second-degree assault and armed criminal action. In June 2018, Beach's legal guardian sued Nurse in Scott County. Nurse did not tender the civil suit to the attorney general, nor did she file an answer.

In January 2019, the Scott County circuit court entered a default judgment against Nurse. Nurse then tendered the suit to the attorney general. In April 2019, the attorney general entered his appearance and moved for the circuit court to set aside the default judgment, which the circuit court sustained in June 2019. The same day the Scott County circuit court set aside the default judgment, Nurse pleaded guilty to third-degree assault without informing the attorney general.

The attorney general moved for leave to withdraw as Nurse's counsel in the civil case, alleging Nurse had failed to cooperate and it would be impossible to defend Nurse after her guilty plea. The circuit court sustained the motion to withdraw and entered a second default judgment because Nurse failed to appear upon notice. The default judgment awarded Beach $8 million plus interest.

In November 2021, Nurse demanded the state satisfy the default judgment from the fund. When the state refused Nurse's demand, Beach sued the state in the Cole County circuit court, seeking satisfaction of the judgment from the fund. Beach initiated

2

the lawsuit by filing a single pleading containing an application for writ of mandamus, a petition for declaratory judgment, and an equitable garnishment claim. The state agreed to waive service and have responsive pleadings be due 30 days after December 30, 2021, the date the state entered its appearance.

As of January 31, 2022, the Cole County circuit court had not issued a preliminary order in mandamus, nor had the state filed an answer. Instead, on that date, the state filed a motion to quash the application for writ of mandamus and to dismiss the petitions for declaratory judgment and equitable garnishment.[2] In March 2022, the circuit court held a hearing on the motions. On September 30, 2022, the circuit court entered its order and judgment overruling the state's motions, making the application for writ of mandamus permanent, and directing the state to satisfy Beach's judgment from the fund. At no point prior to entering a permanent writ did the circuit court enter a preliminary order in mandamus.

The state moved for relief from the judgment, arguing the circuit court could not grant a permanent writ without first entering a preliminary order in mandamus. The

---

[2] Three days after Beach filed the Cole County suit, a clerk placed two documents in the circuit court's electronic case file, each with the docket code "Proposed Order Filed." Each proposed order contained a preliminary order in mandamus form, one for each appellant. The proposed orders were never dated or signed, nor did they contain a return date for a responsive pleading, as required by Rule 94.05. The circuit court also did not make any docket entry directing a preliminary order in mandamus to issue. An order is a "direction of a court made or entered in writing." Rule 74.02. Because the documents and docket entries did not contain a responsive pleading date or signature, or any indication that the circuit court intended to issue the preliminary order in mandamus, the documents were empty templates lacking the direction necessary to be orders. Instead, each document remained only a "proposed order."

3

circuit court overruled the state's motions for relief from the judgment.[3]  The state

appeals.

## Analysis

Raising several points on appeal, the state seeks review of the circuit court's order

and judgment making Beach's application for writ of mandamus permanent.  The state

argues the circuit court's judgment must be reversed because the circuit court failed to

issue a preliminary order before entering its judgment and issuing a permanent writ.

In cases in which a circuit court has denied issuing a permanent writ after failing

to enter a preliminary order, this Court has consistently emphasized there is peril

involved by departing from Rule 94.  *U.S. Dep't of Veterans Affs. v. Boresi*, 396 S.W.3d

356, 359 n.1 (Mo. banc 2013) ("This Court is not required to exercise its discretion in

like manner in the future."); *State ex rel. Tivol Plaza, Inc. v. Mo. Comm'n on Hum. Rts.*,

527 S.W.3d 837, 842 (Mo. banc 2017) ("Parties should not expect unending tolerance

from the appellate courts for such failures to follow Rule 94.04."); *Bartlett v. Mo. Dep't

of Ins.*, 528 S.W.3d 911, 914 (Mo. banc 2017) ("Parties seeking mandamus relief who

choose to disregard the procedures and requirements of Rule 94 do so at their own

risk.").[4]

---

[3] The circuit court held a hearing on the state's requested relief from the judgment. On January 28, 2023, the circuit court entered an amended judgment, affirming its prior decision to enter the permanent writ of mandamus against the state and denying the requested relief.  The motions, however, were deemed overruled by operation of Rule 78.06 prior to the amended judgment being entered. Therefore, the judgment entered September 30, 2022, constitutes the final judgment in this matter.

[4] While *Boresi*, *Tivol*, and *Bartlett* illustrate this Court's reluctance to forgive departures from the requirements of Rule 94, these cases are not controlling here.  In *Boresi*, *Tivol*,

4

"Rule 94 prescribes the practice, procedure, and pleading for mandamus proceedings in circuit court, including the requirement that a circuit court issue a preliminary writ before an answer and decision on the merits." *Id*. at 912. A proceeding in mandamus must follow a specific path:

> First, a relator initiates a proceeding by filing a petition for a writ of mandamus in the appropriate circuit court. Next, the circuit court considers the petition and determines if a preliminary order of mandamus should issue. If the circuit court does not grant a preliminary order in mandamus, the petitioning party then must file its writ petition in the next higher court. If the circuit court, however, is of the opinion that the preliminary order in [mandamus] should be granted, such order shall be issued. The preliminary order in mandamus directs the respondent to file an answer within a specified amount of time, and it also may order the respondent to refrain from all or some action. If the court issues a preliminary order in mandamus, any final decision is reviewable by appeal.

*Boresi*, 396 S.W.3d at 364 (Fischer, J., separate opinion) (internal citation and quotation omitted). Here, there is no question the circuit court failed to follow this procedure prior to entering a permanent writ to the parties' detriment.

In writ proceedings, the preliminary order serves the important function of initiating responsive pleadings. The rules require the preliminary order to "order the respondent to file an answer within the time fixed by the order." Rule 94.05. In turn, the answer must respond to the petition in mandamus by replying to the petition's statement of facts, the relief sought, and the statement of the reasons the writ should issue. Rules

---

and *Bartlett*, the circuit court failed to issue a preliminary writ and ultimately ***denied*** a permanent writ. Here, the circuit court failed to issue a preliminary writ and ultimately ***issued*** a permanent writ.

5

94.03, 94.07.  Critically, Rule 94 requires an answer ***only after*** the circuit court issues a preliminary order in mandamus.

Even though Beach filed his mandamus writ petition on December 10, 2021, the circuit court had not acted on the petition, neither denying it nor entering a preliminary order in mandamus, when counsel for the state entered its appearance on December 30, 2021.[5]  When the circuit court still had not issued a preliminary order as of January 31, 2022, the state filed its motion to quash the application for writ of mandamus and a motion to dismiss the declaratory judgment and equitable garnishment claims. [6]  The motion did not include any numbered paragraphs accepting or denying the facts, as is typical of an answer.  Rather, the state's suggestions in support of the motion to quash and motion to dismiss indicated "there are factual questions at issue here that preclude issuance of a writ of mandamus" and noted the adequacy of a motion to dismiss is determined by looking at whether "the facts alleged meet the elements of a recognized cause of action."

---

[5] While the state was under no duty to file an answer as to the application for a preliminary writ, it was required to answer the declaratory judgment and equitable garnishment claims.  Filing a motion to dismiss allows the answer to be filed after the circuit court rules on the motion.  Rule 55.25(c).  No party appeals the circuit court's denial of the declaratory judgment and equitable garnishment claims, so any timeliness issue is not before this Court.

[6] Likely, the state was attempting to convince the circuit court not to enter a preliminary order because ***there was nothing before the circuit court to quash***, given it had entered no preliminary order.

The circuit court then held a hearing on the motions. In its motion to quash and at the hearing, the state focused on the legal reasons the writ petition should be denied, not factual disputes.[7] The motion to quash and motion to dismiss did not respond to the petition's statement of facts as required by an answer ordered pursuant to Rule 94.05. The state contends it would have contested the factual allegations in the petition, such as Nurse's level of cooperation, and set forth additional affirmative defenses had it had an opportunity to answer. The state also contends it would have made different decisions at the hearing, such as calling witnesses to testify regarding Nurse's workplace responsibilities, had it known the hearing was on the merits of the writ.

This case demonstrates why this Court previously has warned that "[p]arties seeking mandamus relief who choose to disregard the procedures and requirements of Rule 94 do so at their own risk." *Bartlett*, 528 S.W.3d at 914. The procedure in Rule 94 sets out a predictable path for the parties and the circuit court and makes it easy to see why the issuance of a permanent order, without the issuance of a preliminary order, materially affected the merits of the action. Issuance, or denial, of a preliminary order dictates the procedure the parties subsequently must follow. If the circuit court had clearly declined to issue a preliminary order, Beach could have filed his writ petition in

---

[7] During the hearing, the state noted the argument on the motion to dismiss the declaratory judgment petition was "equally applicable to the motion asking for the writ of mandamus to be quashed." The state noted the argument was "accepting all facts as true." The state signaled it did not think the hearing was on the merits for a permanent writ, stating "We would be able to bring up any of those issues in this case, including additional ones we may not be aware of at this point, so – and do discovery on that."

the next highest court.[8]  *See Boresi*, 396 S.W.3d at 364 (Fischer, J., separate opinion).  If the circuit court had entered a preliminary order giving the state a filing deadline for a responsive pleading, the state would have had an opportunity to fully respond to the application by answering each factual allegation and setting forth any affirmative defenses.[9]  The circuit court could have then proceeded with a hearing on a permanent writ, at which the parties could introduce evidence and the court could make its findings. Because the state had no clear opportunity, or obligation, to answer the facts alleged in the writ petition and raise additional defenses prior to the circuit court entering the permanent writ, the failure to enter a preliminary order in mandamus materially affected the merits of the action and requires the circuit court's judgment to be vacated.  Rule 84.13(b).[10]

---

[8] While Rule 94 does not specifically require the circuit court to enter an order denying an application for writ of mandamus, had the circuit court intended to deny the application, a docket entry indicating that intent would have provided the parties certainty.

[9] Filing the writ application in the same pleading as the petition for declaratory judgment and equitable garnishment, along with the circuit court's lack of action in this case, created atypical uncertainty for the state because the declaratory judgment and equitable garnishment claims required no preliminary order before a response was required.  When the circuit court failed to enter or deny a preliminary order, the state was placed in situation requiring it, on the one hand, to "wait and see" if the circuit court would enter a preliminary order in mandamus, while, on the other, attempt to timely respond to the declaratory judgment and equitable garnishment actions.

[10]  Reviewing the merits of a writ when a preliminary order has not been issued "leads to confusion as to the proper standard of review."  *Boresi*, 396 S.W.3d at 365 (Fischer, J., separate opinion).  *State ex rel. Ashby Rd. Partners, LLC v. State Tax Commission*, 297 S.W.3d 80, 83 (Mo. banc 2009), was the first time this Court allowed an appeal from the denial of a writ when no preliminary order issued.  *Ashby* relied on *State ex rel. Meyer v. Cobb,* 467 S.W.2d 854, 855 (Mo. 1971), *Delay v. Missouri Board of Probation & Parole,* 174 S.W.3d 662, 664 (Mo. App. 2005), *Wheat v. Missouri Board of Probation & Parole,* 932 S.W.2d 835, 838 (Mo. App. 1996), and *State ex rel. Schaefer v. Cleveland,* 847

## Conclusion

This Court vacates the circuit court's judgment and remands the case for further proceedings consistent with this opinion.[11]

_____
KELLY C. BRONIEC, JUDGE

All concur.

---

S.W.2d 867, 870 (Mo. App. 1992). *Ashby*, 297 S.W.3d at 84 n.5. In those cases, the standard of review was "that the appellate court will affirm the circuit court's denial of a writ unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law standard, not the abuse of discretion standard." *Boresi*, 396 S.W.3d at 365 n.7 (Fischer, J., separate opinion). Subsequently, this Court has analyzed the merits of similar cases under an abuse of discretion standard. *Id*. at 359; *Tivol*, 527 S.W.3d at 838.

[11] Because the circuit court's failure to enter a preliminary order in mandamus is dispositive of this appeal, the Court does not reach or address the other points the state raises on appeal.